# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| TOTAL QUALITY LOGISTICS, LLC. | Case No. _____ |
| Plaintiff, | |
| v. | Judge _____ |
| THOMAS C. "CARTER" NEAL and DEVINE LOGISTICS, INC. | NOTICE OF REMOVAL |
| Defendants. | |

Defendants Thomas Neal and Devine Logistics, Inc., hereby give notice of the removal of this action from the Clermont County Court of Common Pleas to the United States District Court for the Southern District of Ohio.

1. The defendants were served with a copy of the initial pleading less than 30 days ago.

2. The case was filed and is pending in Clermont County, Ohio, which is within this judicial district and division.

3. A copy of all process and pleadings (namely, the summons and complaint, a motion for injunctive relief, and a motion for expedited discovery) are attached to this notice of removal.

4. As required by 28 USC 1446, written notice of this removal will be filed with the state court and served on counsel for the plaintiff.

5. This court has diversity jurisdiction under 28 USC 1332.

6. The only plaintiff is a citizen of Ohio. Total Quality Logistics, LLC is an Ohio limited liability company, and upon information and belief its members are KGBO Holdings, Inc. (an Ohio corporation whose principal place of business is in Ohio), MJZ Holdings, LLC (an Ohio limited liability company whose two members are both citizens of Ohio), and KMN Holdings, LLC (an Ohio limited liability company whose two members are both citizens of Ohio).

7. Both defendants are citizens of South Carolina. Defendant Thomas Neal is an individual who is a citizen of South Carolina. Defendant Devine Logistics, Inc., is incorporated in and has its principal place of business in South Carolina. All defendants join in this notice of removal.

8. The complaint seeks more than $75,000 in damages from each defendant.

9. More specifically, the complaint asserts three claims against each defendant. *See* Complaint at count headings. As to each claim, the plaintiff alleges that the value of the relief it seeks is "for *more than* $25,000." *See* Complaint at ¶50, ¶59, ¶69, ¶73 (emphasis added). More than $25,000 on each of three claims is more than the jurisdictional minimum of $75,000.

10. In addition to calculating the monetary damages, the amount in controversy must take into account the fair value to the plaintiff of the relief sought, including the fair value of the injunctive relief sought. Here, the complaint seeks injunctive relief prohibiting the defendants from competing against TQL and from

2

using TQL's confidential information or trade secrets for a period of 1 year. In his final year of employment with TQL, Neal earned more than $250,000. In addition, in the coming year, Neal is likely to be directly involved in the shipment of truckloads of freight worth more than $100,000.00. The value of the injunction to TQL alone therefore exceeds the jurisdictional minimum.

11. Even if Neal did not expect to ship truckloads of that much freight, the approximate average pay for a Logistics Account Executive at TQL is estimated at $41,000 annually, making the value of injunctive relief at least that much.

12. Moreover, the complaint includes claims for attorney's fees (including contractual attorney's fees) and punitive damages. South Carolina law allows punitive damages to be up to three times compensatory damages. Ohio law allows punitive damages to be up to three compensatory damages for the misappropriation of trade secret claim raised against each defendant in count three, *see* R.C. 1333.63(B), and up to two times compensatory damages for the claims in the other tort claims, *see* R.C. 2315.21(D)(2). Using even a conservative 1:1 ratio for punitive damages establishes that the amount in controversy is over the jurisdictional minimum, even before adding in the substantial attorney's fees at issue in a trade secret and non-compete injunction litigation matter.

13. By seeking removal, the Defendants do not waive the defense of lack of Personal Jurisdiction.

Respectfully submitted,

*/s/ Jeffrey M. Nye*
Peter A. Saba (0055535)
Jeffrey M. Nye (0082247)
SSP Law, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Tel.    (513) 533-2701
Fax    (513) 533-2999
pas@sspfirm.com
jmn@sspfirm.com
**Counsel for defendants Thomas Neal and Devine Logistics**

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served on all counsel of record via email on the date of filing.

*/s/ Jeffrey M. Nye*
Jeffrey M. Nye