IN THE COURT OF COMMON PLEAS
CLERMONT COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC | : | Case No. 2024 CVH 1724 |
| Plaintiff, | : | JUDGE FERENC |
| v. | : | MOTION OF PLAINTIFF TOTAL QUALITY LOGISTICS, LLC FOR EXPEDITED DISCOVERY |
| THOMAS "CARTER" NEAL, *et al.*, | : | |
| Defendants. | : | |

Pursuant to Civ. R. 26, Plaintiff Total Quality Logistics, LLC ("TQL"), moves for expedited discovery so that the parties can properly prepare for a hearing on TQL's Motion for Preliminary Injunction. Specifically, TQL respectfully requests that the Court order Defendants to provide TQL with complete answers, responses, and documents within ten (10) days of the service (with the Complaint) of TQL's Civ. R. 33, 34, and 36 requests. TQL further asks that the Court order Defendants to produce any party witnesses for a four (4) hour deposition in advance of the preliminary injunction hearing yet to be scheduled. A memorandum in support is attached as well as a Proposed Order (Exhibit A).

Respectfully submitted,

/s/ Scott K. Jones
Scott K. Jones (0069859)
SKJ LAW
3825 Edwards Road; STE 103
Cincinnati, OH 45209
513-410-2074 (T)
513-536-6393 (F)
sjones@skj-law.com

*Counsel for Plaintiff Total Quality Logistics, LLC*

FILED 2024 DEC 11 AM 10: 57 BARBARA A. WIEDENBEIN CLERK OF COMMON PLEAS COURT CLERMONT COUNTY, OH

## MEMORANDUM IN SUPPORT

TQL is serving Defendants with discovery under Rules 33, 34, and 36 with the formal service of the Complaint via overnight carrier.

Rules 33, 34, and 36 specifically permit the Court to shorten the length of time within which a party must respond to interrogatories, document requests, and requests for admissions. Here, TQL asks that the Court order the Defendants to respond fully to TQL's Discovery Requests (which are intentionally narrow) within ten (10) days. Expedited responses are needed so that TQL can have the evidence needed to depose the Defendants and properly prepare for the upcoming preliminary injunction hearing. A Proposed Order is attached as Exhibit A.

Respectfully submitted,

/s/ Scott K. Jones
Scott K. Jones (0069859)
SKJ LAW
3825 Edwards Road; STE 103
Cincinnati, OH 45209
513-410-2074 (T)
513-536-6393 (F)
sjones@skj-law.com

*Counsel for Plaintiff Total Quality Logistics, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Motion for Expedited Discovery was served by FedEx via the Clerk's service of the Verified Complaint on the following:

Thomas "Carter" Neal
2732 Gaston Gate
Mt. Pleasant, SC 29466

Devine Logistics, Inc.
1993 NITSA ST
JOHNS ISLAND, SC 29455-8124

Devine Logistics, Inc.
C/O Wesley D. Bryant, Ra
5608 Katy Hill Rd
Wadmalaw IS, SC 29487

                                            /s/ Scott K. Jones
                                            Scott K. Jones (0069859)

# EXHIBIT A

## IN THE COURT OF COMMON PLEAS
## CLERMONT COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC | : | Case No. |
| | : | |
| Plaintiff, | : | Judge: |
| | : | |
| v. | : | **ORDER GRANTING MOTION OF PLAINTIFF TOTAL QUALITY LOGISTICS, LLC FOR EXPEDITED DISCOVERY** |
| | : | |
| THOMAS C. "CARTER" NEAL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

This matter came to be heard upon Plaintiff Total Quality Logistics, LLC's Motion for Expedited Discovery. The court finds this Motion to be **WELL TAKEN** and is therefore **GRANTED**. The parties are ordered to respond to written discovery by no later than ten (10) days from the date of service of same, formal or informal. Defendants shall also produce any party witnesses for a four (4) hour deposition in advance of the preliminary injunction hearing.

Furthermore, the parties are ordered to make all reasonable efforts to cooperate in the production of party witnesses for their depositions in advance of the hearing on Plaintiff's Motion for Preliminary Injunction.

**IT IS SO ORDERED**.

_____
Judge

Copies to:

Scott K. Jones
SKJ LAW
3825 Edwards Road; STE 103
Cincinnati, OH 45209
sjones@skj-law.com
*Counsel for Plaintiff Total Quality Logistics, LLC*

Thomas "Carter" Neal
2732 Gaston Gate
Mt. Pleasant, SC 29466

Devine Logistics, Inc.
1993 NITSA ST
JOHNS ISLAND, SC 29455-8124

Devine Logistics, Inc.
C/O Wesley D. Bryant, Ra
5608 Katy Hill Rd
Wadmalaw IS, SC 29487

IN THE COURT OF COMMON PLEAS
CLERMONT COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | Case No: 2024-CVH 01774 |
| Plaintiff | : | Judge FERENC |
| Vs. | : | **PLAINTIFF TOTAL QUALITY LOGISTICS, LLC'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO BOTH DEFENDANTS** |
| THOMAS C. NEAL, *et al.*, | : | |
| Defendants | : | |
| | : | |
| | : | |

Pursuant to Rules 26, 33, and 34 of the Ohio Rules of Civil Procedure Plaintiff Total Quality Logistics, LLC ("TQL" or "Plaintiff"), propounds upon Defendants, Thomas C. Neal ("Neal") and Devine Logistics, Inc., dba Devine Logistics, LLC ("Devine"), respectively, (collectively "Defendants"), the following Interrogatories and Requests for Documents:

## INSTRUCTIONS AND GENERAL PROVISIONS

1. These Discovery Requests are continuing in nature so as to require the Defendants to provide such additional information as Neal and/or Devine, your attorney(s), or anyone acting on behalf or in concert with them may have or may obtain between the time the answers to these Discovery Requests are served and the time of trial.

2. As used herein, the singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun as used and vice versa. In similar fashion, the use of the masculine form of a pronoun shall be considered also to include within its meaning the feminine form of the pronoun so used, and vice versa; also in similar fashion, the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb so used.

3. In answer to these Discovery Requests, you are requested to furnish all information which is available to You or Your attorney(s), including but not limited to, information in the possession of any attorneys, agents, investigators, representatives, or anyone acting in cooperation or concert with the case to be presented by Defendants. If any discovery request cannot be answered in full, after exercising due diligence to secure the information to do so, please state and answer the discovery request stating whatever information or knowledge presently is available concerning the portion of said discovery request that could not be answered.

1

4. Please write or type the answer to each part of an interrogatory in the space provided under that part of the interrogatory. If extra space is needed to answer any part of an interrogatory, please attach extra pages following the last page of these discovery requests, and please specify the number and letter, if any, of the interrogatory which is being answered at the top of one page and then write the answer underneath.

5. If you object to the whole or any part of any discovery request, for any reason, separately state the grounds for the objection.

6. If you object to the identification of any document or person, for any reason, separately state the grounds for the objection.

7. If you claim any form of privilege, whether based on a statute or otherwise, as a ground for not answering a discovery request or any portion thereof, set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the Court to make a full determination whether the claim of privilege is valid.

8. If you claim any form of privilege, whether based on a statute or otherwise, as a ground for not describing a requested oral communication, state the following with respect to each such communication: (a) The date thereof; (b) The name, present or last known home and business address and telephone numbers, title (or position) and occupation of each of the participants in the oral communication; (c) The name, present or last known home and business addresses and telephone numbers, title (or position) and occupation of each person present during all or any part of the oral communication; (d) A description of the oral communication which is sufficient to identify the particular communication without revealing the information for which a privilege is claimed; and (e) With sufficient specificity to permit the Court to make a full determination whether the claim of privilege is valid, state each and every fact or basis on which you claim any such privilege.

9. Where a discovery request calls for the description of a writing as to which you would claim a privilege, whether based on a statute or otherwise, as a ground for non-production, you shall set forth with respect to the writing, in addition to any other information requested, its: (a) Date; (b) Author; (c) Addresses, if any; (d) Title; (e) Type of tangible thing (i.e., letter memorandum, telegram, chart, report, recording disk); (f) Subject matter (without revealing the information as to which privilege is claimed); and (g) With sufficient specificity to permit the Court to make a full determination whether the claim of privilege is valid, each and every fact or basis on which you claim such privilege.

**DEFINITIONS**

A. The terms "You," "Your," shall mean Neal for his respective responses, and Devine for its responses, and each of their agents or representatives, including attorneys, insurers and all other persons acting or purporting to act on behalf of Neal and/or Devine.

B. "Document" as used herein shall mean all documents and electronically stored information referred to in, and/or encompassed within the scope of, Rule 34 of the Ohio Rules of Civil Procedure, including, without limitation, all electronically stored information, written

2

communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing on which any words, phrases, images or numbers are fixed or from which information can be obtained.

C. The words "identify", "identity" or "identification":

1. When used herein in reference to a natural person, shall require you to state:

    (a) his/her full name and the present or last known address of his/her residence;
    (b) his/her present or last known business affiliation and position therewith; and
    (c) each of his/her business affiliations and positions in respect thereto.

2. When used in reference to an entity other than an individual, shall require you to state:

    (a) its full name;
    (b) nature of organization including the name of the state under which the same was organized; and
    (c) each of its business affiliations and positions in respect thereto.

3. When used in reference to a document, shall require you to state:

    (a) its date;
    (b) its author;
    (c) the type of document (i.e., letter, memorandum, receipt, invoice, schedule, report, telegraph, chart, photograph, sound reproduction, note);
    (d) its source (i.e., from whom You obtained it); and
    (e) its present location and the name of the present custodian or each custodian, if there is more than one copy thereof. If any such document was, but is no longer in Your possession or subject to Your control, or it is no longer in existence, state whether it is (1) missing or lost, (2) destroyed, (3) transmitted or transferred, voluntarily or involuntarily to others, identifying such others or (4) otherwise disposed of, and in each instance, explain the circumstances surrounding and authorization for such disposition and state the date or approximate date thereof.

D. The word "person" or "persons" as used herein shall be deemed to include natural persons, firms, partnerships, associations, joint ventures, trustees, and corporations.

E. "Related to," "regarding," "relative to," or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, connected with, or reflecting upon a matter identified in the discovery requests.

F. "And," "as well as," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any documents which might otherwise be construed as without its scope.

G. "Complaint" shall mean the Verified Complaint filed in the above captioned action.

H. Unless words or terms have been given a specific definition, each word or term used herein shall be given its usual and customary dictionary definition.

I. Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural.

## INTERROGATORIES DIRECTED TO ALL DEFENDANTS

1. Identify all persons (and their business affiliation) with whom Neal has had contact, directly or indirectly, since September 2024, regarding freight brokerage, motor carrier and/or third-party logistics services in the United States.

**Answer:**

2. For each person identified in Interrogatory No. 1 above, indicate the date of the contact, the subject matter of the contact, and whether Neal had contact with the person (or affiliated entity) while at TQL.

**Answer:**

3. Identify all customers or prospective customers that Neal has introduced to, brought to, and/or serviced, directly or indirectly, in any capacity for Devine.

**Answer:**

4. For each customer or prospective customer identified in Interrogatory No. 3, identify the dates on which Neal contacted the customer, the dates he performed services for that customer, the contact information that Neal used for the customer, the nature of services provided for that customer, the revenue obtained from each customer, and the amount of commissions paid to Neal with respect to such customer.

**Answer:**

4

6. Identify the dates Neal has been employed by, been a contractor with, been an agent with, been a consultant for, or has been otherwise associated with Devine, and describe his title and responsibilities for each position held by Neal.

**Answer:**

7. Identify, by month and customer or vendor, the amount of business Devine has done over the past three (3) years with each of its customers.

**Answer:**

8. Identify and describe the business of any parent company, subsidiary, affiliate, or related entity of Devine.

**Answer:**

9. Identify the dates Andrew R. Wade has been employed by, been a contractor with, been an agent with, been a consultant for, or has been otherwise associated with Devine, and describe his title and responsibilities for each position held by Mr. Wade.

**Answer:**

10. Identify the dates Matthew T. Haight has been employed by, been a contractor with, been an agent with, been a consultant for, or has been otherwise associated with Devine, and describe his title and responsibilities for each position held by Mr. Haight.

**Answer:**

11. Identify the dates Alexander Farrington has been employed by, been a contractor with, been an agent with, been a consultant for, or has been otherwise associated with Devine, and describe his title and responsibilities for each position held by Mr. Haight.

**Answer:**

12. Identify the dates Daniel D. Muhly has been employed by, been a contractor with, been an agent with, been a consultant for, or has been otherwise associated with Devine, and describe his title and responsibilities for each position held by Mr. Muhly.

**Answer:**

13. Identify the dates Rachel Payne has been employed by, been a contractor with, been an agent with, been a consultant for, or has been otherwise associated with Devine, and describe her title and responsibilities for each position held by Ms. Payne.

**Answer:**

14. Identify each document that either Defendant intends to offer as an exhibit at any deposition, hearing, or trial in this action.

**Answer:**

15. Identify each person that either Defendant intends to call as a witness, lay or expert, at any hearing or trial in this action and describe such person's expected testimony.

**Answer:**

## DOCUMENT REQUESTS DIRECTED TO ALL DEFENDANTS

1. Produce copies of all communications, including but not limited to phone records, phone logs, text messages, emails, social media messages, application messages, etc. that Neal has had with anyone regarding freight brokerage and/or third-party logistics services since September 30, 2024.

**Response:**

2. Produce all documents which refer to, relate to, or concern Neal's association with Devine, including but not limited to all emails exchanged between Neal and Devine (or any of its employees, agents, or representatives), resumes, applications, cover letters, offer letters, acceptance letters, employment contracts, ownership agreements, contractor or consultation contracts, 1099s, W-2s, paystubs, commission statements, job descriptions, and his personnel file.

**Response:**

3. Produce all documents in the possession, custody, or control of Neal which refer to, relate to, or concern TQL.

**Response:**

4. Produce all documents provided by Neal to Devine that refer to or relate to TQL.

**Response:**

5. Produce all writings evidencing or constituting communications by or among Neal and/or Devine and any customer of TQL that Neal became aware of from or through his employment with TQL.

**Response:**

6. Produce all communications, including but not limited to phone records, phone logs, text messages, emails, social media messages, and application messages, between or among Neal and any current or former TQL employee referencing or relating to TQL or freight brokerage since September 30, 2024.

**Response:**

7. Produce any documents, or any communications involving Neal, that identify or disclose TQL's customers, prospects, carriers, pricing, rates, lane information, sales strategies, or other Confidential Information as that term is defined in Exhibit 1 to the Complaint.

**Response:**

8. Produce Neal's customer list at Devine.

**Response:**

9. Produce documents sufficient to identify all freight brokerage services Neal has performed for customers on behalf of Devine.

**Response:**

10. Produce the employment files for Neal, Rachel Payne, Andrew R. Wade, Matthew T. Haight, Alexander Farrington, and Daniel D. Muhly with Devine.

**Response:**

11. Produce documents sufficient to show the gross and net revenues for the loads on which Neal has provided brokerage services on behalf of Devine since September 30, 2024.

**Response**:

12. Produce documents relating to any business relationship between Devine and any entity with a freight brokerage license or authority.

**Response:**

13. Produce any documents identified or relied upon in answering the Interrogatories or Requests for Admissions that are not being produced in response to other Requests.

**Response:**

14. Produce copies of all documents that either Defendant intends to introduce as an exhibit at any deposition, hearing, or trail in this action.

**Response:**

Respectfully submitted,

/s/ Scott K. Jones
Scott K. Jones (0069859)
SKJ LAW
3825 Edwards Road; STE 103
Cincinnati, OH 45209
513-410-2074 (T)
513-536-6393 (F)
sjones@skj-law.com

*Counsel for Total Quality Logistics, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing FIRST SET OF INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO BOTH DEFENDANTS was served via FedEx by the clerk with the Verified Complaint, on the following:

Thomas "Carter" Neal
2732 Gaston Gate
Mt. Pleasant, SC 29466

Devine Logistics, Inc.
1993 Nitsa Street
Johns Island, SC 29455-8124

Devine Logistics, Inc.
c/o Wesley D. Bryant, Reg. Agent
5608 Katy Hill Rd
Wadmalaw IS, SC 29487

/s/ Scott K. Jones
Scott K. Jones (069859)

8