UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | Case No. 1:24-cv-00742-SJD |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **PLAINTIFF TOTAL QUALITY** |
| THOMAS C. "CARTER" NEAL, *et al.* | : | **LOGISTICS, LLC'S MOTION** |
| | : | **TO REMAND** |
| Defendants. | : | |

_____

Pursuant to 28 U.S.C. § 1447(c), Plaintiff Total Quality Logistics, LLC ("TQL") respectfully moves the Court for an order remanding this action to the Clermont County Court of Common Pleas.

Jurisdiction is not vested in the U.S. District Court for the Southern District of Ohio because (1) Plaintiff has stipulated that it seeks damages in a cumulative amount less than $75,000.00 per Defendant in this action, inclusive of the value of any compensatory damages, punitive damages, injunctive relief, attorney's fees, costs, expenses, and any other relief; and (2) Defendants have failed to carry their burden establishing that the amount in controversy necessary for diversity jurisdiction exceeds $75,000.00.  No other basis for federal jurisdiction exists.

A Memorandum in Support accompanies this Motion.

                                            Respectfully submitted,

                                            */s/ Scott K. Jones*_____
                                            Scott Jones (0069859)
                                            Trial Attorney
                                            David A. Back (0066564)
                                            SKJ LAW
                                            3825 Edwards Road; STE 103
                                            Cincinnati, OH 45209
                                            513-410-2074 (T)
                                            513-536-6393 (F)
                                            sjones@skj-law.com

dback@skj-law.com
*Counsel for Plaintiff Total Quality Logistics, LLC*

**MEMORANDUM IN SUPPORT**

**I.  INTRODUCTION**

Plaintiff Total Quality Logistics, LLC ("TQL") sued Defendants Thomas C. "Carter" Neal ("Neal"), and Devine Logistics, Inc., dba Devine Logistics, LLC ("Devine") (collectively, "Defendants") in the Clermont County Court of Common Pleas for claims arising from Neal's breach of his Non-Compete, Confidentiality, and Non-Solicitation Agreement (the "Agreement") with TQL.  *See* Verified Complaint, (Doc. 2).  Defendants removed the action to this Court, solely alleging the existence of diversity jurisdiction.  *See* Notice of Removal, (Doc. 1) at PageID # 1-2.

Since Defendants' removal, and consistent with the relief articulated in TQL's Verified Complaint, TQL filed a Jurisdictional Stipulation stipulating that "the relief it seeks or will accept against Defendants, Thomas C. "Carter" Neal ("Neal") and Devine Logistics, Inc. ("Devine"), is limited to judgment in a cumulative amount less than $75,000.00, inclusive of compensatory damages, punitive damages, attorney's fees, costs, expenses, interest, and the fair value of any injunctive relief, from each Defendant individually and severally."  Jurisdictional Stipulation, (Doc 8) at PageID 125-127.

Recently, after construing a substantially similar stipulation, this Court held that the amount in controversy did not exceed $75,000 and remanded the matter.  *Total Quality Logistics, LLC v. Choephel*, No. 1:23-cv-536, 2024 U.S. Dist. LEXIS 51727, at *8 (S.D. Ohio Mar. 22, 2024).  Moreover, there is an abundance of established precedent in this Court that "such a stipulation has provided the necessary clarification on damages and supported remand."  *See Total Quality Logistics, LLC v. Johnson,* No. 1:21-cv-467, 2021 U.S. Dist. LEXIS 147519, at *7 (S.D.

2

Ohio Aug. 6, 2021) (collecting cases). Accordingly, the Court should remand the case to the Clermont County Court of Common Pleas and, under 28 U.S.C. § 1447(c), award TQL its costs and attorney fees incurred in petitioning for remand.

## II. PROCEDURAL AND FACTUAL BACKGROUND

This case arises from Defendant Neal's breach of his Agreement with TQL. Upon leaving TQL on September 30, 2024, Neal began to actively compete against TQL through his new employment with Devine selling or brokering logistics services. *See* Verified Complaint, (Doc. 2) at PageID # 80-81. Neal inevitably is utilizing and disclosing TQL's trade secrets and proprietary and confidential information while working for TQL's competitor, Devine. *Id*. at PageID # 81-85.

TQL filed its Verified Complaint in the Clermont County Court of Common Pleas on December 11, 2024, asserting counts for breach of contract (v. Neal), misappropriation of trade secrets (v. Neal and Devine), tortious interference with contract (v. Devine), and civil conspiracy (v. Neal and Devine), and seeking injunctive relief and damages. *See* Verified Complaint, (Doc. 2). In compliance with Ohio's pleading requirements under Ohio Civ. R. 8(A), TQL sought "injunctive relief (a preliminary injunction and a permanent injunction) prohibiting Defendants' unlawful conduct; compensatory damages; punitive damages; and attorney fees and costs, the collective value of which, in total, state a claim for more than $25,000." *Id*. at PageID # 86.

Defendants filed their Notice of Removal December 27, 2024. *See* Notice of Removal, (Doc. 1) at PageID # 1-4.

Following removal, TQL filed a Jurisdictional Stipulation, stipulating that the "the relief it seeks or will accept against Defendants, Thomas C. "Carter" Neal ("Neal") and Devine Logistics Inc., dba Devine Logistics, LLC ("Devine"), is limited to judgment in a cumulative amount less

3

than $75,000.00, inclusive of compensatory damages, punitive damages, attorney's fees, costs, expenses, interest, and the fair value of any injunctive relief, from each Defendant individually and severally." Jurisdictional Stipulation (Doc 8) at PageID # 125. While such a stipulation has been found independently sufficient to effectuate a remand as a matter of law, TQL brings this Motion out of an abundance of caution. *See, e.g., Johnson.* 2021 U.S. Dist. LEXIS 147519, at *6.

### III. ARGUMENT

#### A. TQL's Grounds for Remand.

A plaintiff has two options when seeking to remand a defendant's removal based on the defendant's good faith belief that the amount in controversy exceeds the jurisdictional threshold. *See Choephel*, 2024 U.S. Dist. LEXIS 51727, at *4; *Johnson,* 2021 U.S. Dist. LEXIS 147519, at *5-6. The plaintiff "may seek to remand a matter to state court by (1) filing a 'stipulation that clarifies that the amount in controversy is less than the jurisdictional threshold' or (2) 'disputing the allegation in the removal papers regarding the jurisdictional amount.'" *Choephel,* 2024 U.S. Dist. LEXIS 51727, at *4 (quoting *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, 606 F. Supp. 3d 743, 748 (S.D. Ohio 2022)); *see also Johnson,* 2021 U.S. Dist. LEXIS 147519, at *5-6 (citations omitted).

As further explained below, TQL's Jurisdictional Stipulation (Doc 8) deprives the Court of jurisdiction and requires remand as a matter of law. Out of an abundance of caution, however, TQL also moves for the case to be remanded for the independently sufficient reason that Defendants cannot satisfy their evidentiary burden in light of TQL's pleadings, its Jurisdictional Stipulation, and the absence of evidence that the amount in controversy exceeds the diversity jurisdictional threshold.

### B. TQL's Jurisdictional Stipulation requires remand.

Because a plaintiff is the "master of [its] complaint[,]" it can plead, or stipulate, to avoid federal jurisdiction. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 998–99 (9th Cir. 2007)); *see also Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [plaintiff] does not desire to try [its] case in the federal court [it] may resort to the expedient of suing for less than the jurisdictional amount, and though [plaintiff] would be justly entitled to more, the defendant cannot remove.")).

Thus, where a defendant removes a case pursuant to 28 U.S.C. § 1332(a), a federal court is deprived of subject matter jurisdiction when the post-removal stipulation unequivocally limits damages and "provides specific information about the amount in controversy for the first time." *Total Quality Logistics, LLC v. Reed Transport Services, Inc.*, 1:19-cv-182, 2019 U.S. Dist. LEXIS 213291, at *6 (S.D. Ohio Dec. 11, 2019) (quoting *Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 481 (6th Cir. 2014)) (emphasis omitted). A post-removal stipulation provides the first specific information about the amount in controversy because Ohio Civ. R. 8(A) does not permit a plaintiff filing in state court to include a specific claim for damages in the complaint but mandates that the complaint shall state only that the party seeks more than $25,000. *Id*. (noting that the post-removal stipulation from a case filed in an Ohio state court is therefore a clarification of the amount of recovery sought).

This Court has held on numerous occasions that a "clarifying" stipulation that caps damages below the jurisdictional threshold, which is binding and unequivocal like the one TQL has filed here, is sufficient to repudiate federal jurisdiction. *Total Quality Logistics, LLC v. Franklin*, No. 1:19-cv-266, 2020 U.S. Dist. LEXIS 155757, at *12-13 (S.D. Ohio Aug. 27, 2020);

5

*Total Quality Logistics, LLC v. Johnson*, 2021 U.S. Dist. LEXIS 147519, at *7 (S.D. Ohio Aug. 6, 2021) (holding that "such a stipulation has provided the necessary clarification on damages and supported remand.") (collecting cases); *Total Quality Logistics, LLC v. Choephel*, 2024 U.S. Dist. LEXIS 51727, at *8 (TQL's post-removal stipulation that unequivocally limits all forms of relief to $75,000 deprives the Court of jurisdiction); *see also Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469-70 (6th Cir. 2019).

Here, TQL's Jurisdictional Stipulation unequivocally limits damages below the federal jurisdictional threshold. (Doc 8) at PageID # 125-127). TQL's Jurisdictional Stipulation also states that it is "binding." *Id.* at PageID # 126. Accordingly, the Court must remand the action to the Clermont County Court of Common Pleas because the Jurisdictional Stipulation establishes that the amount in controversy is unequivocally beneath the jurisdictional threshold for federal jurisdiction.

        **C.**    **Remand is Proper Because, in Addition to TQL's Jurisdictional Stipulation, Defendants Failed to Meet Their Burden of Showing that the Amount in Controversy Exceeds $75,000.**

Federal courts are courts of limited jurisdiction, and Defendants have failed to demonstrate any evidence in the furtherance of this Court's jurisdiction. "The burden of showing that the district court has original jurisdiction is on the party seeking removal." *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (citation omitted). Moreover, the district court must resolve any doubt of its removal jurisdiction in favor of state court jurisdiction. *See Total Quality Logistics, LLC v. AD Maxx, Inc.*, No. 1:16-cv-00595, 2016 U.S. Dist. LEXIS 143303, at

6

*5 (S.D. Ohio Oct. 17, 2016) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L. Ed. 1214 (1941)).

The removing party bears the burden of showing, "by a preponderance of evidence and ***with competent proof***, that the amount-in-controversy requirement has been met." *Total Quality Logistics, LLC v. Grigoryan*, No. 1:18-cv-363, 2019 U.S. Dist. LEXIS 197760, at *9 (S.D. Ohio Mar. 22, 2019) (citing 28 U.S.C. § 1446(c)(2)(B)) (emphasis added). "[A]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Defendants failed to carry their burden of demonstrating that this Court has jurisdiction over this action because the Notice of Removal does not provide, or even attempt to provide, proper evidence of TQL's alleged damages. *See* Notice of Removal (Doc. 1) at PageID # 1-4. Instead, the Court is left to speculate on how the Defendants arrived at their conclusion regarding the amount in controversy.

"Reliance on speculation and conjecture is contrary to the Sixth Circuit's requirement that subject matter jurisdiction of this Court should be determined by a preponderance of the evidence." *Richmond v. Populous Group, LLC*, No. 4:05 CV 01900, 2005 U.S. Dist. LEXIS 20934, at *5 (N.D. Ohio Sept. 23, 2005). Defendants have not provided any competent evidence—let alone that which could be considered a preponderance in support of maintaining diversity jurisdiction.

Rather than providing competent evidence, Defendants rely upon TQL's allegations in its Verified Complaint to attempt to establish the necessary amount in controversy for federal jurisdiction. Defendants argue that TQL asserts three claims against each Defendant and seeks more than $25,000 on each of the three claims, thereby exceeding the jurisdictional requirement. *See* Notice of Removal (Doc. 1) at PageID # 2.

This Court recently rejected the defendant's same argument in *Wilder v. Yammine*, No. 1:21-cv-00731, 2023 U.S. Dist. LEXIS 176465 (S.D. Ohio Sept. 30, 2023). In *Wilder*, the plaintiff filed suit in the Hamilton County Court of Common Pleas, asserting six causes of action that each ended with an assertion that the plaintiff was damaged in an amount "in no event less than $25,000." *Id.* at *1-2. The defendant removed based on diversity jurisdiction, arguing that "Plaintiff's complaint, when taken at face value, alleges over $150,000 in damages—$25,000 for each of the six counts in the complaint." *Id*. at *5-6.

This Court rejected the defendant's argument, explaining that Ohio Civ.R. 8(A) did not permit the plaintiff to specify damages: "Because the Ohio Rules of Civil Procedure bar plaintiffs seeking more than $25,000 in damages from specifying the exact amount sought in their initial pleadings, Ohio R. Civ. P. 8(A), Plaintiff's complaint did not specify the exact damages sought." *Id*. at *6. The Court then relied on the plaintiff's stipulation that clarified that the relief that it sought would not exceed $75,000 and remanded the case. *Id*. at *8; *see also Total Quality Logistics, LLC v. Grigoryan*, 2019 U.S. Dist. LEXIS 197760, at * 7 (same); *Total Quality Logistics, LLC v. Franklin*, 2020 U.S. Dist. LEXIS 155757 at *15-16 ("the damages figure in the Complaint is not an enforceable damages limitation under Ohio civil rules").

Accordingly, Defendants here cannot use allegations in TQL's Verified Complaint to cumulate, per claim, the amount of damages TQL seeks to reach the jurisdictional threshold because TQL's Verified Complaint did not specify the exact damages sought. As precedent from this District makes clear, TQL's Verified Complaint could not specify TQL's damages under Ohio Civ. R. 8(A).

Moreover, Defendants ostensibly attempt to aggregate TQL's claims against the two Defendants, Neal and Devine. But a single plaintiff's claims against more than one defendant

8

cannot be aggregated to satisfy the amount in controversy unless the defendants could be held jointly liable on claims that satisfied the jurisdictional amount:

> Jurisdiction cannot be conferred on a federal trial court by joining in one action, against distinct defendants, claims of which none reached the requisite jurisdictional amount. *Citizens' Bank v. Cannon*, 164 U.S. 319, 322, 17 S.Ct. 89, 41 L.Ed. 451. The plaintiff is not entitled to secure jurisdiction in the federal court by joining separate defendants whose aggregate indebtedness to him exceeds the jurisdictional amount, unless the test of jurisdiction of joint liability of the defendants to him be met. *Walter v. Northeastern R. Co.*, 147 U.S. 370, 373, 374, 13 S.Ct. 348, 37 L.Ed. 206. See also *Northern Pacific R. Co. v. Walker*, 148 U.S. 391, 13 S.Ct. 650, 37 L.Ed. 494.

*Fechheimer Bros. Co. v. Barnwasser*, 146 F.2d 974, 976 (6th Cir. 1945); *see also Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 373 (6th Cir. 2014) (citing *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 717 (7th Cir. 2012) and holding that the anti-aggregation rule applies to claims "brought by a single plaintiff against multiple defendants").

TQL pled its breach of contract against Neal alone; there is no joint liability with respect to this claim, and Defendants have made no assertion that there is. *See* Verified Complaint, (Doc 2) at PageID # 81-82. Likewise, TQL pled its claim for tortious interference only against Devine; there is also no joint liability with respect to this claim and Defendants have not asserted that there is. *Id*. at PageID # 82-83. Under Sixth Circuit precedent, Defendants cannot aggregate these claims to establish diversity jurisdiction.

TQL did plead its claims for misappropriation of trade secrets and civil conspiracy against both Defendants. *Id.* at PageID # 83-85. But Defendants, who bear the burden of establishing that the amount in controversy satisfies the jurisdictional requirement, have not even asserted Neal and Devine would be jointly liable to answer for damages from these claims.[1] More importantly,

---

[1] Notably, TQL's Jurisdictional Statement states that TQL seeks less than $75,000.00 from each Defendant "individually and severally", thus clarifying that TQL is not seeking to aggregate damages from distinct claims in an amount exceeding $75,000.00, even if Defendants could be held jointly liable on any given claim.

Defendants do not even attempt to measure the value of TQL's claims for trade secret misappropriation or civil conspiracy, relying wholly upon pure speculation that any damages from those claims, even if aggregated, would exceed the jurisdictional threshold.

Moreover, and fatal to their effort to remove this action, Defendants do not provide any competent proof regarding the amount of damages for TQL's claims from the perspective of the plaintiff, TQL. The Sixth Circuit has generally agreed that "the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) (citations omitted).

Defendants have provided no competent proof of the amount of either the damages or the injunctive relief that TQL has requested from TQL's perspective. Instead, Defendants assert only that "[i]n his final year of employment with TQL, Neal earned more than $250,000" and that "in the coming year, Neal is likely to be directly involved in the shipment of truckloads of freight worth more than $100,000." *See* Notice of Removal, (Doc 1) at PageID # 3. Though Defendants note that Neal made more than $250,000 during his last year of employment for TQL, they fail to provide any argument explaining how this figure should be utilized in valuing the relief from TQL's perspective. Instead, with bare statements that at best vaguely reference the value of injunctive relief from the Defendants' perspective, Defendants assert that "[t]he value of the injunction to TQL alone therefore exceeds the jurisdictional minimum." *Id*. But neither of Defendants' unverified statements contemplates the value of the injunctive relief from TQL's perspective.

Defendants have failed to show any evidence of the value of the economic rights that TQL seeks to protect through the injunctive relief that it has requested. In *Total Quality Logistics, LLC*

*v. Summit Logistics Grp., LLC*, No. 1:20-cv-519, 2020 U.S. Dist. LEXIS 190696, at *15-16 (S.D. Ohio Oct. 14, 2020), this Court remanded the matter because Defendants failed to ascribe any value to the injunctive relief sought by TQL and therefore the amount in controversy was not greater than $75,000. *See also Total Quality Logistics, LLC v. Grigoryan*, 2019 U.S. Dist. LEXIS 197760, at *9 (defendant's "common-sense arguments" regarding the value of an injunction were not sufficient to prove the value of the injunction to the plaintiff for purposes of determining the amount in controversy); *Total Quality Logistics, LLC v. Covar Transp.*, No. 1:17-cv-797, 2017 U.S. Dist. LEXIS 210961, *9 (S.D. Ohio Dec. 22, 2017) ("Defendants—who have the burden of establishing subject matter jurisdiction—have not even attempted to formulate an argument as to what the value of the requested injunction is to TQL.") (emphasis in original).

Likewise, here, Defendants have not ascribed any value to the injunctive relief sought by TQL from TQL's perspective, asserting only Neal's former earnings at TQL and the dollar value of shipments he is likely to be involved with next year while working for TQL's competitor, Devine. Thus, Defendants have not met their burden of establishing subject matter jurisdiction.

Further, "when the rights the plaintiff seeks to protect with an injunction are the same rights that form the basis of the plaintiff's request for compensatory damages, the Court will not count those rights twice for purposes of determining the amount in controversy." *Covar Transp.*, 2017 U.S. Dist. LEXIS 210961, at *9. Like in *Covar*, here, TQL's claims for monetary damages and injunctive relief seek to protect the same object—TQL's rights in its proprietary information and relationships. Therefore, the Court should not double count the value of injunctive relief for purposes of determining the amount in controversy.

Because Defendants have not provided any "competent proof" of the amount in controversy, they failed to meet their removal burden, and there is no basis for this Court to retain

11

jurisdiction. Accordingly, TQL's Motion to Remand should be granted on that independently sufficient basis as well.

## IV. CONCLUSION

Given the unequivocal limitation reiterated in TQL's Jurisdictional Stipulation (Doc 8), this Court lacks jurisdiction and the case should be remanded to the Clermont County Court of Common Pleas.

Respectfully submitted,

*/s/ Scott K. Jones*_____
Scott Jones (0069859)
Trial Attorney
David A. Back (0066564)
SKJ LAW
3825 Edwards Road; STE 103
Cincinnati, OH 45209
513-410-2074 (T)
513-536-6393 (F)
sjones@skj-law.com

*Counsel for Plaintiff Total Quality Logistics, LLC*