Declaration of Thomas Carter Neal

1. My name is Thomas Carter Neal. I am over 21 years of age, and I make this declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 and in support of the defendants' motion to dismiss for lack of personal jurisdiction, and in the alternative to transfer venue.  Except as otherwise specifically noted, this declaration is based upon my personal knowledge.

2. I have continuously resided in the State of South Carolina with the intent to remain here from 2007 until now, and I have no present intent to change my residence.

3. I was previously employed by Total Quality Logistics, LLC ("TQL") from August 22, 2011, through September 30, 2024. I was first hired by TQL at the company office then located on Daniel Island within the City of Charleston, South Carolina, and that is the location at which I executed all paperwork related to my hiring and employment.  My paperwork was taken and processed by the personnel at that South Carolina location of TQL.

4. I was a resident of South Carolina the entire time I was employed by TQL. Throughout that period, I resided in Mt. Pleasant, South Carolina. I remain a resident of Mt. Pleasant, South Carolina.  At all times pertinent, I have been a registered voter in the State of South Carolina; have paid South Carolina income taxes; have had a South Carolina driver's license; and have not resided in any State other than South Carolina.

5. When I was employed by TQL, I worked exclusively out of TQL's Charleston, South Carolina, office.

6. During my entire period of employment with TQL, I traveled only twice to Ohio for work (once to visit a customer, and once for an internal interview for a job that I did not take). I spent a total of less than 5 days there.

7. I received no training from TQL in Ohio.

8. During my employment with TQL, the company withheld employment-related taxes from my wages and remitted those monies to the South Carolina Tax Commission.

9. When I was employed with TQL, I directly reported to supervisors in Charleston, South Carolina. Those supervisors to whom I reported during my employment with TQL were not located in Ohio.

10. When I was employed with TQL, my employment activities took place in Charleston, South Carolina.

11. I currently work for Devine Logistics, Inc. I have worked exclusively from my office in Charleston, South Carolina, with the exception of a single one-day trip to Charlotte, North Carolina. I have not performed work for Devine Logistics, Inc., in Ohio, or been to Ohio for any reason. To the best of my knowledge, I have not worked with any customers whose primary offices are based in Ohio.

12. In my role with Devine Logistics, Inc., my work is focused on the post-debarkation transportation of intermodal cargo which arrives at marine terminals in Norfolk, Virginia, Charleston, South Carolina, or Savannah, Georgia. Most of my work with Devine Logistics, Inc., has involved intermodal cargo arriving at the marine terminal in Charleston, South Carolina.

13. The third-party witnesses to my employment-related activities on behalf of Devine Logistics, Inc., would include, but not be limited to, the managerial personnel of the

shipping companies which transport goods through the marine terminal of Charleston, South Carolina, and which select Devine Logistics, Inc., for post-debarkation transport of cargo from that terminal.

14. Devine Logistics, Inc., uses trucks and truckers that have ongoing relationships with it for the transportation of goods. It does not "broker" transportation services. In contrast, to the best of my knowledge, TQL only brokers transportation services.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 1/9/25 .

Thomas Carter Neal