Last updated  January 03, 2025   11:32:45 am GMT

# Total Quality Logistics, LLC v. Choephel

United States District Court for the Southern District of Ohio, Western Division

March 22, 2024, Filed

Case No. 1:23-cv-536

**Reporter**

2024 U.S. Dist. LEXIS 51727 *; 2024 WL 1251092

TOTAL QUALITY LOGISTICS, LLC, Plaintiff, v. NGAWANG CHOEPHEL, et al., Defendants.

## Core Terms

injunctive relief, damages, fair value, Removal, amount in controversy, expenses, subject matter jurisdiction, attorney's fees, Unequivocally

**Counsel:** [*1] For Total Quality Logistics, LLC, Plaintiff: Augustus B. Flottman, LEAD ATTORNEY, Kellie Kulka, Bricker Graydon LLP, Cincinnati, OH.

For Ngawang Choephel, Access One Logistics, Inc., Access One Transport, Inc., Defendants: Clifford W Lauchlan, Scopelitis, Garvin, Light, Hanon & Feary, P.C., Cincinnati, OH.

**Judges:** MATTHEW W. McFARLAND, UNITED STATES DISTRICT JUDGE.

**Opinion by:** MATTHEW W. McFARLAND

## Opinion

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 7)**

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 7). Defendants responded in opposition (Doc. 8), to which Plaintiff filed a reply in support (Doc. 9). Thus, this matter is ripe for the Court's review. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand (Doc. 7).

**BACKGROUND**

Plaintiff Total Quality Logistics ("TQL") is an Ohio-based company that provides freight brokerage and third-party logistics services to its customers. (Compl., Doc. 2, ¶ 4.) Defendant Ngawang Choephel, a resident of Washington, formerly worked for Plaintiff in Portland, Oregon. (*Id.* at ¶ 5.) As a requirement for employment with Plaintiff, Choephel was required to sign an Employee Non-Compete, Confidentiality, and Non-Solicitation Agreement. (*Id.* at ¶¶ [*2] 1, 23.) Choephel now allegedly competes with Plaintiff in violation of this Agreement by working for Plaintiff's competitors—Defendant Access One Logistics, Inc. and/or Defendant Access One Transport, Inc. (*Id.* at ¶ 2.) Both Access One entities are incorporated in California and hold their principal place of business in Gardena, California. (*Id.* at ¶¶ 6-7.)

On August 7, 2023, Plaintiff brought suit against Defendants in the Court of Common Pleas for Clermont County, Ohio. (*See* Compl., Doc. 2.) The Complaint includes claims for breach of contract, tortious interference with a contract, and misappropriation of trade secrets. (*Id.* at ¶¶ 41-72.) As for relief, Plaintiff seeks compensatory

damages, punitive damages, injunctive relief, attorney fees, pre-judgment interest, costs and expenses, and such other relief as the Court finds just and proper. (*Id.* at Pg. ID 102-03.) The Complaint further states that "[f]or all purposes combined, including the fair value of any injunctive relief, award TQL on all counts and claims for all requested relief an amount that does not exceed $75,000 in total." (*Id.* at Pg. ID 103.)

On August 25, 2023, Defendants filed their Notice of Removal based on diversity **[*3]** jurisdiction. (*See* Notice of Removal, Doc. 1.) Following removal, Plaintiff filed a jurisdictional stipulation in which it stated that "the cumulative amount of the judgment it seeks and the maximum that can be awarded to it shall not exceed $75,000.00, inclusive of compensatory damages, punitive damages, attorney's fees, and the fair value of any injunctive relief." (Stipulation, Doc. 6, Pg. ID 146.) In the next sentence, Plaintiff clarified that the "stipulated limitation applies to all of the relief [it] requested in its Verified Complaint." (*Id.*)

Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction on September 6, 2023. (Motion to Dismiss, Doc. 4.) However, the Court granted the parties' joint request to stay briefing on the Motion to Dismiss pending adjudication of Plaintiff's Motion to Remand. (9/27/2023 Notation Order.)

**LAW & ANALYSIS**

On a motion to remand, the question is whether the district court lacks subject matter jurisdiction. *28 U.S.C. 1447(c)*. The party removing the action to federal court bears the burden of showing that the district court has original jurisdiction over the action. *Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000)*. Courts construe the removal statute strictly in favor of state court jurisdiction and **[*4]** resolve doubts in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)*; *Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999)*.

In their Notice of Removal, Defendants assert that this action is properly in federal court based on diversity jurisdiction. (Notice of Removal, Doc. 1.) A federal court generally has diversity jurisdiction if the parties are completely diverse and the amount in controversy exceeds $75,000. *28 U.S.C. § 1332(a)*. The parties only dispute whether the amount-in-controversy requirement is satisfied in this case. (*See* Motion to Remand, Doc. 7; Response, Doc. 8.)

A plaintiff may seek to remand a matter to state court by (1) filing a "stipulation that clarifies that the amount in controversy is less than the jurisdictional threshold" or (2) "disputing the allegation in the removal papers regarding the jurisdictional amount." *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC, 606 F. Supp. 3d 743, 748 (S.D. Ohio 2022)*. Although Plaintiff pursues both routes for remand (*see* Motion to Remand, Doc. 7), its stipulation is dispositive. *See Total Quality Logistics, LLC v. Traffic Tech, Inc., No. 1:22-CV-304, 2022 U.S. Dist. LEXIS 133142, 2022 WL 2948945, at *4 (S.D. Ohio July 26, 2022)*.

"So long as the language of the stipulation is sufficiently unequivocal and binding, that stipulation deprives the federal court of subject matter jurisdiction." *Summit Logistics Grp., LLC, 606 F. Supp. 3d at 748* (citing *Heyman v. Lincoln Nat'l Life Ins. Co., 781 F. App'x 463, 469-70 (6th Cir. 2019)*). After all, a plaintiff is the master of its complaint and may plead or stipulate to avoid federal jurisdiction. *Smith v. Nationwide Prop. & Cas. Ins. Co., 505 F.3d 401, 407 (6th Cir. 2007)*.

Plaintiff's stipulation reads, in part:

> TQL hereby **[*5]** stipulates that it is not seeking, and will not accept, more than $75,000.00 in this action, such that the cumulative amount of the judgment it seeks and the maximum that can be awarded to it shall not exceed $75,000.00, inclusive of compensatory damages, punitive damages, attorney's fees, and the fair value of any injunctive relief. This stipulated limitation applies to all of the relief TQL requested in its Verified Complaint[.]
>
> (Stipulation, Doc. 6, Pg. ID 146.)

The Court finds that Plaintiff's stipulation unequivocally limits the amount in controversy in this case to no more than $75,000. This conclusion comports with several of this Court's previous rulings concerning similarly worded stipulations. *See, e.g.,* Total Quality Logistics, LLC v. Traffic Tech, Inc., No. 1:22-CV-304, 2022 U.S. Dist. LEXIS 133142, 2022 WL 2948945, at *3 (S.D. Ohio July 26, 2022); Total Quality Logistics, LLC v. Johnson, No. 1:21-CV-467, 2021 U.S. Dist. LEXIS 147519, 2021 WL 3453399, at *3 (S.D. Ohio Aug. 6, 2021); Total Quality Logistics, LLC v. Reed Transp. Servs. Inc., No. 1:19-CV-182, 2019 U.S. Dist. LEXIS 213291, 2019 WL 6723837, at *3 (S.D. Ohio Dec. 11, 2019); Total Quality Logistics, LLC v. Johnson, No. 1:19-CV-850, 2019 U.S. Dist. LEXIS 185867, 2019 WL 5540682, at *1 (S.D. Ohio Oct. 28, 2019).

Defendants contend that the stipulation is equivocal and therefore insufficient to support remand for two reasons: (1) the stipulation allows Plaintiff to recover injunctive relief in addition to $75,000, and (2) the stipulation fails to account for expenses. (Response, Doc. 8, Pg. ID 159-163.) The Court considers each argument in turn.

**I. The Stipulation Unequivocally Includes Injunctive Relief**

First, Defendants argue that the stipulation is equivocal because it allows **[*6]** Plaintiff to recover $75,000 in damages plus injunctive relief. (Response, Doc. 8, Pg. ID 160.) The Court disagrees. The stipulation expressly caps the amount in controversy, including "the fair value of any injunctive relief," at $75,000. (Stipulation, Doc. 6, Pg. ID 146.) Again, this Court has previously found such language to preclude subject matter jurisdiction. *See, e.g.,* Traffic Tech., Inc., 2022 U.S. Dist. LEXIS 133142, 2022 WL 2948945, at * 3 ("[T]he requested injunctive relief is included as one aspect of the capped damages, and the combined value of the monetary and injunctive relief sought does not exceed the amount in controversy requirement."); Summit Logistics Grp., LLC, 606 F. Supp. 3d at 749; Johnson, 2021 U.S. Dist. LEXIS 147519, 2021 WL 3453399, at *4.

Defendants point to Total Quality Logistics, LLC v. Johnson, 22-09-049, 2023 Ohio 1319, 2023 WL 3047474 (Ohio Ct. App. Apr. 24, 2023), for the proposition that the stipulation permits Plaintiff to argue on remand that it is entitled to $75,000 plus injunctive relief. (Response, Doc. 8, Pg. ID 160-61.) This case is distinguishable. To begin, the defendant in *Johnson* attempted to treat plaintiff's jurisdictional stipulation as a settlement offer. 2023 Ohio 1319, [WL] at *2. After Plaintiff refused a cash-only settlement offer, the court explained that Plaintiff did not "agree to accept monetary damages as a substitute for its equitable relief claim." 2023 Ohio 1319, [WL] at *8. The plaintiff in *Johnson*, like Plaintiff in this case, filed a stipulation that it would **[*7]** only accept cumulative relief of less than $75,000, inclusive of the fair value of any injunctive relief. 2023 Ohio 1319, [WL] at *4. Such a stipulation does not prevent a plaintiff from seeking an injunction; instead, it limits all relief to $75,000.

Similarly, Defendants' citation to Calvary Industries, Inc. v. McLaren, No. 1:21-CV-622, 2022 U.S. Dist. LEXIS 108119, 2022 WL 2187239 (S.D. Ohio June 16, 2022), underscores significant differences in this case. (Response, Doc. 8, Pg. ID 161.) Rather than filing a post-removal stipulation, the plaintiff in *McLaren* attempted to rely on the language in its complaint that it was seeking "an award for damages, attorney fees and costs of $70,000." 2022 U.S. Dist. LEXIS 108119, [WL] at *4. This Court determined that it had jurisdiction because the plaintiff "could receive (per its own Complaint) $70,000 in monetary relief alone, and then *also* receive value in the form of injunctive relief *on top of that.*" *Id.* Conversely, in the case at bar, Plaintiff filed a binding post-removal stipulation that limited recovery, *including* the fair value of injunctive relief, to $75,000. (*See* Stipulation, Doc. 6.)

**II. The Stipulation Unequivocally Includes Expenses**

Next, Defendants argue that the stipulation is equivocal because it fails to account for expenses. (Response, Doc. 8, Pg. ID 162-163.) As Defendants point out, Plaintiff specifically seeks "expenses" **[*8]** in its Complaint. (Compl., Doc. 2, Pg. ID 102.) Plaintiff's stipulation does not include "expenses" in its itemized list alongside "compensatory damages, punitive damages, attorney's fees, and the fair value of any injunctive relief." (Stipulation, Doc. 6, Pg. ID 146.) But, the stipulation does not stop there. The next sentence clarifies that "[t]his stipulated limitation applies to

*all of the relief TQL requested* in its Verified Complaint." (*Id.* (emphasis added.)) Such language is also in accord with the Complaint, which requests "all requested relief [in] an amount that does not exceed $75,000 in total." (Compl., Doc. 2, Pg. ID 103.) Therefore, because the stipulation covers all requested relief, the Court finds it to be an unequivocal stipulation.

As the amount in controversy in this matter does not exceed $75,000, the Court lacks subject matter jurisdiction. Thus, remand is appropriate.

**CONCLUSION**

For the foregoing reasons, the Court **ORDERS** the following:

    1) Plaintiff's Motion to Remand (Doc. 7) is **GRANTED;**
    2) This matter is REMANDED to the Court of Common Pleas for Clermont County, Ohio;

    3) Defendants' Motion to Dismiss (Doc. 4) is **DENIED AS MOOT** because the Court lacks subject matter **[*9]** jurisdiction; and

    4) This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED**.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

By: /s/ Matthew W. McFArland

JUDGE MATTHEW W. McFARLAND

---

**End of Document**