Last updated  January 03, 2025   11:34:31 am GMT

# Total Quality Logistics, LLC v. Reed Transp. Servs.

United States District Court for the Southern District of Ohio, Western Division

December 11, 2019, Decided; December 11, 2019, Filed

Case No. 1:19-cv-182

**Reporter**
2019 U.S. Dist. LEXIS 213291 *; 2019 WL 6723837

TOTAL QUALITY LOGISTICS, LLC, Plaintiff, vs. REED TRANSPORT SERVICES, INC., et al., Defendants.

## Core Terms

damages, attorney's fees, state court, injunctive relief, subject matter jurisdiction, punitive damages, compensatory, injunction

**Counsel:** [*1] For Total Quality Logistics, LLC, Plaintiff: Jordan D Rauch, LEAD ATTORNEY, Dickinson Wright PLLC, Columbus, OH; Matthew J Wiles, LEAD ATTORNEY, Dickinson Wright, Columbus, OH.

For John C. Tillman, Jeffrey R. Motley, Defendants: Andrew S. Haring, Kathryn Ellen Toth, LEAD ATTORNEYS, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Cleveland, OH.

**Judges:** Timothy S. Black, United States District Judge.

**Opinion by:** Timothy S. Black

## Opinion

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 6)**

This civil case is before the Court on Plaintiff's motion to remand. (Doc. 6).

**I. BACKGROUND**

Plaintiff, Total Quality Logistics, LLC ("TQL"), filed a complaint in the Clermont County Court of Common Pleas against former employees, John C. Tillman and Jeffrey R. Motley, and their new employer, Reed Transport Services, Inc. ("Reed Transport"), alleging violations of the employees' non-compete, confidentiality, and non-solicitation agreements with TQL. (Doc. 3 at ¶¶ 11-25). The complaint also alleges that Reed Transport encouraged the employees to breach their agreements constituting tortious interference with a contract and tortious interference with a business relationship. (*Id.* at ¶¶ 63-75). Along with its complaint, Plaintiff simultaneously **[*2]** filed a motion for temporary restraining order and preliminary injunction in state court. (Doc. 4). Subsequently, the parties submitted an agreed interim injunction that was entered by the Clermont County Court on February 19, 2019. (Doc. 1-1 at 72-74). Under the terms of the agreed injunction, Defendant Motley agreed to no longer be employed by Reed Transport, and Reed Transport agreed to turn over any of TQL's confidential information. (*Id.* at ¶¶ 1-2). In addition, TQL agreed to withdraw its request for a temporary restraining order against Defendant Tillman. (*Id.* at ¶ 5). Plaintiff's motion for a preliminary injunction remained pending as to all three Defendants.

On March 7, 2019, prior to the state court ruling on Plaintiff's motion for preliminary injunction, Reed Transport removed the case to this Court with the consent of Defendants Tillman and Motley, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). Plaintiff responded with a motion to remand on April 8, 2019. (Doc. 6). Shortly thereafter, TQL and Reed Transport notified the Court of their intention to file a stipulation of dismissal, which they proceeded to file on July 8, 2019. (Doc. 8). The stipulation voluntarily dismissed **[*3]** Defendant Reed Transport only, and left Plaintiff's claims against the individual Defendants Tillman and Motley pending in federal court. (*Id.*).

At this juncture, the Court will address Plaintiff's motion to remand as to the two remaining Defendants. Plaintiff seeks remand on three bases: (1) the notice of removal was untimely, (2) Defendants waived their right to remove, and (3) the Court lacks subject matter jurisdiction over the case because the amount in controversy is less than $75,000. (Doc. 6). Plaintiff submitted the following stipulation along with its motion to remand indicating that TQL is seeking total damages of an amount less than or equal to $75,000:

> Plaintiff Total Quality Logistics, LLC, hereby stipulates that the relief it seeks is limited to judgment of the following:
>
> A. Issue preliminary and permanent injunctive relief prohibiting Defendant from further violation of his Agreement with TQL, plus attorney's fees as provided in the Agreement, from any further misappropriation of TQL's trade secret information, and from any further tortious interference with TQL's business relations;
>
> B. Award compensatory damages in favor of TQL in an amount to be determined at trial in **[*4]** excess of $25,000.00, but not more than $75,000.00, inclusive of any award of punitive damages, attorney's fees, and injunctive relief;
>
> C. Award punitive damages in favor of TQL in an amount of not more than $75,000.00, inclusive of any award of compensatory damages, attorney's fees, and injunctive relief;
>
> D. Award attorney's fees as provided in the Agreement or as otherwise provided by law, in an amount of not more than $75,000.00, inclusive of any award of compensatory damages, punitive damages, and injunctive relief;
>
> E. Court costs, prejudgment interest, and post-judgment interest; and
>
> F. Any other relief that this Court deems just and proper. This stipulation is intended to be unequivocal and binding on Plaintiff, and it is Plaintiff's intention that this Stipulation be used by the Court to limit the amount of any award to it.

(Doc. 6-1).

Defendants Tillman and Motley, who are proceeding *pro se*, did not file a response to Plaintiff's motion to remand, and the time to do so has now expired. *See S.D. Ohio Civ. R. 7.2(a)(2)*. The Local Rules caution that "[f]ailure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorney's **[*5]** fees." *Id.* Although a remand order based on a lack of subject matter jurisdiction is generally not considered a final judgment for purposes of appeal, the Court will proceed to consider the merits of Plaintiff's motion out of an abundance of caution. *See Blackburn v. Oaktree Capital Mgmt., LLC, 511 F.3d 633, 635-37 (6th Cir. 2008)* (citing *Powerex Corp. v. Reliant Energy Servs. 551 U.S. 224, at 229-30, 127 S. Ct. 2411, 168 L. Ed. 2d 112 (2007))*.

For the reasons stated below, the Court grants Plaintiff's motion to remand based on Plaintiff's stipulation to damages of less than the jurisdictional amount.

## II. STANDARD OF REVIEW

Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different states. *28 U.S.C. § 1332(a)(1)*. A party may remove an action from state court when the federal court to which the action is removed would otherwise have had original jurisdiction. *28 U.S.C. § 1441(a)*. When a plaintiff's complaint seeks an unspecified amount of damages, the removing party has the burden of establishing that the amount in controversy

requirement is met by a preponderance of the evidence. *Halsey v. AGCO Corp., 755 F. App'x 524, 526 (6th Cir. 2018)*. "[T]he removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* at 550 (quoting *Brown v. Francis, 75 F.3d 860, 864-65, 33 V.I. 385 (3rd Cir. 1996))*. In addition, "[i]f at any time before final judgment it appears **[*6]** that the district court lacks subject matter jurisdiction, the case shall be remanded." *28 U.S.C. § 1447(c)*.

### III. ANALYSIS

"A post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000)*. However, "[a] plaintiff may stipulate [post-removal] to a claim less than the federal jurisdictional amount 'where a plaintiff provides specific information about the amount in controversy *for the first time*.'" *Shupe v. Asplundh Tree Expert Co., 566 F. App'x 476, 481 (6th Cir. 2014)* (quoting *Egan v. Premier Scales & Sys., 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002))*. This is because certain states, including Ohio, do not permit plaintiffs to include a specific claim for damages in the complaint. *See Ohio Civ. R. 8(A)* ("If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleadings but shall not specify in the demand for judgment the amount of recovery sought . . . .").

Thus, when a plaintiff stipulates to less than the jurisdictional amount after removal, and when that stipulation is the first specific piece of information concerning the amount of controversy, courts consider such a stipulation to be a *clarification* rather than a *reduction* of the amount of recovery sought. *Heyman, 781 Fed. Appx. 463, at 469, 2019 WL 3229347, at \*2* (citing *Shupe, 566 F. App'x at 481*). "[O]nly unequivocal statement[s] and stipulation[s] limiting damages will serve this **[*7]** purpose." *Shupe, 566 F. App'x at 481*. Further, "[a]n actual limitation on the amount of a potential judgment is essential to any such stipulation." *Id.*

Plaintiff's complaint seeks "immediate, preliminary, and permanent injunctive relief," "compensatory damages in excess of $25,000.00," punitive damages in an amount to be determined at trial, and attorney's fees. (Doc. 3 at 13). Plaintiff's stipulation, submitted as an exhibit to its motion to remand, states that the total damages TQL seeks, including injunctive relief, compensatory and punitive damages, and attorney's fees is limited to an amount totaling less than $75,000. (Doc. 6-1). Thus, Plaintiff's stipulation, which appears, based on the record, to be its first post-removal representation regarding damages, clarifies that it does not seek relief of more than $75,000. This stipulation unequivocally limits total recovery to less than the jurisdictional amount, and Plaintiff expressly states that the stipulation is intended to be binding on Plaintiff and that "it is Plaintiff's intention that this Stipulation be used by the Court to limit the amount of any award to it." (*Id.* at 2); *See Total Quality Logistics, LLC v. Johnson, No. 1:19-cv-850, 2019 U.S. Dist. LEXIS 185867, 2019 WL 5540682 (S.D. Ohio Oct. 28, 2019)* (finding nearly identical **[*8]** stipulation by TQL to be unequivocal and remanding to state court); *see also Gabriel Grigoryan*, No. 1:18-cv-363 (S.D. Ohio Mar. 22, 2019) (unpublished) (same). Consequently, this Court lacks subject matter jurisdiction and remands the case to state court.

Having found remand appropriate based on Plaintiff's third argument that the Court lacks subject matter jurisdiction as a result of Plaintiff's stipulation, the Court need not address Plaintiff's remaining two arguments.

### IV. CONCLUSION

Based upon the foregoing, the Court **ORDERS** that:

    1) Plaintiff's motion to remand (Doc. 6) is **GRANTED**;

    2) This civil action is **REMANDED** to the state court from which it was removed;

    3) This case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED**.

Date: December 11, 2019

*/s/ Timothy S. Black*

Timothy S. Black

United States District Judge

---

**End of Document**