Last updated  January 03, 2025   11:39:43 am GMT

# Total Quality Logistics, LLC v. AD Maxx, Inc.

United States District Court for the Southern District of Ohio, Western Division

October 17, 2016, Filed

Case No. 1:16-cv-00595

**Reporter**
2016 U.S. Dist. LEXIS 143303 *; 2016 WL 6070356

TOTAL QUALITY LOGISTICS, LLC, Plaintiff, v. AD MAXX, INC., Defendant.

## Core Terms

amount in controversy, removal, counterclaim, damages, diversity jurisdiction, district court

**Counsel:**  [*1] For Total Quality Logistics, LLC, Plaintiff: Jeffrey P McSherry, LEAD ATTORNEY, Bricker & Eckler LLP, Cincinnati, OH; Pramila Aarti Kamath, Bricker & Eckler LLP, West Chester, OH.

For AD Maxx, Inc, Defendant, ThirdParty Plaintiff, Counter Claimant: Anthony Brendan Holman, LEAD ATTORNEY, Phillips Law Firm, Cincinnati, OH; David Dene Murray, LEAD ATTORNEY, PRO HAC VICE, Law Offices of David D. Murray, Newport Beach, CA; John Henry Phillips, LEAD ATTORNEY, Phillips Law Firm - 1, Cincinnati, OH.

For Anthony Wingo, ThirdParty Defendant: Jeffrey P McSherry, LEAD ATTORNEY, Bricker & Eckler LLP, Cincinnati, OH.

For Total Quality Logistics, LLC, Counter Defendant: Jeffrey P McSherry, LEAD ATTORNEY, Bricker & Eckler LLP, Cincinnati, OH.

**Judges:** Stephanie K. Bowman, United States Magistrate Judge.

**Opinion by:** Stephanie K. Bowman

## Opinion

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the Court on Plaintiff Total Quality Logistics, LLC's Motion to Remand Case to State Court. (Doc. 8.) Defendant AD Maxx, Inc. has filed a memorandum in opposition (Doc. 10), to which Plaintiff has replied (Doc. 19). On September 29, 2016, the case was transferred to the undersigned magistrate judge for final disposition, pursuant to the parties' **[*2]**  consent. See 28 U.S.C. § 636(c) and Doc. 26. For the reasons that follow, the undersigned finds that Plaintiff's Motion to remand is well-taken.

**I. BACKGROUND**[1]

Plaintiff Total Quality Logistics, LLC ("TQL") is a freight broker. (Doc. 3 at PageID 84 (¶ 2).) It locates motor carriers to pick up and deliver the freight of its customers at the places and times specified by its customers. (*Id.* at PageID

---

[1] Background facts are drawn from Plaintiff's Complaint (Doc. 3) and the docket maintained by the Clerk of this Court.

84 (¶ 3).) Defendant AD Maxx, Inc. ("AD Maxx) was one of TQL's customers. (*Id.* at PageID 85 (¶ 4).) TQL maintains that its invoices to AD Maxx for freight brokerage services remain unpaid. (*Id.* at PageID 85 (¶¶ 5-7).)

On April 7, 2016, TQL filed a three-count Complaint against AD Maxx in the Clermont County, Ohio Court of Common Pleas. (*Id.* at PageID 84.) It alleges breach of contract (Count One)[2] and, in the alternative, unjust enrichment (Count Two)[3] and promissory estoppel (Count Three).[4] It seeks judgment "in the principal amount of at least $32,175.00 [for freight brokerage services], plus interest at the agreed upon rate of 18% and/or pursuant to the legal rate, plus all reasonable expenses, **[*3]** attorney's fees and costs, including court costs, and any and all other relief available at law and/or equity." (*Id.* at PageID 87.) On May 27, 2016, Ad Maxx filed its Answer along with a counterclaim against TQL and a third-party claim against Anthany Wingo. (Doc. 4.) Count One, for breach of contract, seeks judgment in the amount of $24,000 against TQL; it also seeks an amount between $300,000 and $5,000,000 as assignee of the claims for Cathay Ocean Global Shipping Line, Ltd. and an additional award of $4,000,000, the revenue lost for being "blacklisted" as a result of TQL's alleged actions. (*Id.* at PageID 104-06 (¶¶ 10-21).) Count Two, for fraud, seeks a judgment for not less than $300,000 against both TQL and Wingo, jointly and severally. (*Id.* at PageID 106-09 (¶¶ 22-34).) Count Three, for violation of Ohio's Deceptive Trade Practices Act, seeks actual damages in excess of $25,000, general damages in the amount of $25,000, as well as punitive damages and attorney's fees and costs (and injunctive relief) against TQL and Wingo, jointly and severally. (*Id.* at PageID 109-10 (at ¶¶ 35-41).) Finally, Count Four, for Punitive and Exemplary Damages, seeks an award of not less than $5,500,000 **[*4]** against TQL. (*Id.* at PageID 110-11 (at ¶¶ 42-45).)

Four days later, on May 31, 2016, AD Maxx removed the case from Clermont County to the Southern District of Ohio on the basis of diversity jurisdiction. (Doc. 1.) TQL's Motion to Remand followed on June 20, 2016. (Doc. 8.)

TQL contends that the Complaint stated damages in an amount less than the $75,000.00—the jurisdictional threshold amount required for this Court to obtain diversity jurisdiction over this case. Accordingly, TQL contends this matter should be remanded back to Clermont County. AD Maxx, however, asserts that the Court may consider its third-party complaint independently to establish the amount in controversy to obtain diversity jurisdiction. Ad Maxx further contends that because AD Maxx was forced to assert its compulsory counterclaim in state court prior to removing this action to federal court, the court should aggregate these claims with the complaint and find that the amount-in-controversy requirement is satisfied here.

Upon careful review and for the reasons that follow, the undersigned finds TQL's motion to remand **[*5]** is well-taken.

## II. ANALYSIS

On a motion for remand, the question presented is whether the district court lacks subject matter jurisdiction. *28 U.S.C. § 1447(c)*. Defendant AD Maxx, as the removing party, bears the burden of establishing that removal was proper. *Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000)* ("The burden of showing that the district court has original jurisdiction is on the party seeking removal.") In deference to federalism concerns, a district court must resolve any doubt of its removal jurisdiction in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)*.

Federal district courts have original jurisdiction in diversity of citizenship cases where the civil action is between citizens of different states and the amount in controversy in the action is greater than $75,000. *28 U.S.C. § 1332*. *PNC Equip. Fin., LLC v. Mariani, No. 1:14CV663, 2015 U.S. Dist. LEXIS 94830, 2015 WL 4464810, at *2 (S.D.*

---

[2] (Doc. 3 at PageID 84-86 (¶¶ 1-14).)

[3] (Doc. 3 at PageID 86 (¶¶ 15-17).)

[4] (Doc. 3 at PageID 86-87 (¶¶ 18-21).)

*Ohio July 21, 2015)*. Generally, the amount in controversy for federal diversity jurisdiction purposes is determined as of the time the action is commenced. *Klepper v. First American Bank, 916 F.2d 337, 340 (6th Cir. 1990)*; *Sellers v. O'Connell, 701 F.2d 575, 578 (6th Cir. 1983)*.

Here, the amount in controversy at the time the action was commenced was less than $75,000, *i.e.* TQL's claim for damages for unpaid invoices is $32,175.00 in principal, plus interest and fees. (Doc. 3). As such, TQL argues that this court lacks subject matter jurisdiction based on diversity of citizenship. **[*6]** Defendant, however, contends that in viewing the amount in controversy courts must view the claims from the vantage point of the time of removal—and at removal Defendant filed its $300,000.00+ Counterclaim. Defendant's contention is not well-taken.

While the Sixth Circuit has not directly addressed this issue, it has referred approvingly to the traditional rule that "'no part of the required jurisdictional amount can be met by considering a defendant's counterclaim' to satisfy the amount in controversy requirement for removal jurisdiction purposes..." *Sanford v. Gardenour, 2000 U.S. App. LEXIS 17566, 2000 WL 1033025, at *3 (6th Cir. July 17, 2000)*. Moreover, "[t]he majority of Sixth Circuit district courts to confront the question have held that counterclaims should not be considered when determining the amount in controversy for purposes of removal jurisdiction ..." *CMS North America, 521 F.Supp.2d at 627-28* (citing *Firestone Financial Corp. v. Syal, 327 F.Supp.2d 809, 810-11 (N.D.Ohio 2004)* (collecting cases)).[5] Furthermore, as noted by TQL, in *Kochel v. Target National Bank*, this Court held that "the relevant jurisdictional statute, *28 U.S.C. § 1332*, provides [] jurisdiction in cases of diverse citizenship of the parties, only if the amount claimed in the complaint, exclusive of interest and counterclaims, exceeds $75,000. *No. 3:10-cv-384, 2010 U.S. Dist. LEXIS 118533, *3 (S.D. Ohio Nov. 5, 2010)* (Merz, J.).

Accordingly, the undersigned agrees that the amount in controversy for federal diversity jurisdiction purposes is determined as of the time the action is commenced, and is the amount claimed in the complaint. Here, the amount claimed in the complaint is less than $75,000.00, and therefore this Court lacks subject matter jurisdiction based on diversity of citizenship.

### III. CONCLUSION

Based on the foregoing reasons, Plaintiff Total Quality Logistics, LLC's Motion to Remand Case to State Court (Doc. 8) is hereby **GRANTED**. Pursuant to *28 U.S.C. §1447(c)*, the Clerk is **ORDERED** to **REMAND** this civil action to the Clermont County, Ohio Court of Common Pleas.

**IT IS SO ORDERED**.

*/s/ Stephanie K. Bowman*

Stephanie K. Bowman

United States Magistrate Judge

---

**End of Document**

---

[5] Courts of Appeals in other circuits have also held that counterclaims **[*7]** must be excluded from the determination of the amount in controversy. See *Saint Paul Reins. Co. v. Greenberg, 134 F.3d 1250 (5th Cir.1998)*; *Ballard's Service Ctr., Inc. v. Transue, 865 F.2d 447 (1st Cir.1989)*.