Last updated  January 03, 2025   11:55:15 am GMT

# Total Quality Logistics, LLC v. Grigoryan

United States District Court for the Southern District of Ohio, Western Division

March 22, 2019, Filed

Case No. 1:18cv363

**Reporter**
2019 U.S. Dist. LEXIS 197760 *

Total Quality Logistics, LLC, Plaintiff, v. Gabriel Grigoryan., Defendant.

**Subsequent History:** Motion granted by, Remanded by, Request denied by *Total Quality Logistics, LLC v. Johnson, 2019 U.S. Dist. LEXIS 185867 (S.D. Ohio, Oct. 28, 2019)*

## Core Terms

removal, damages, amount in controversy, attorney's fees, injunctive relief, costs, diversity, expenses

**Counsel:  [*1]** For Total Quality Logistics, Llc, Plaintiff: Matthew J Wiles, LEAD ATTORNEY, Dickinson Wright, Columbus, OH USA.

For Gabriel Grigoryan, Defendant: Stephen E Imm, LEAD ATTORNEY, Finney Law Firm, Cincinnati, OH USA.

**Judges:** JUDGE MICHAEL R. BARRETT.

**Opinion by:** MICHAEL R. BARRETT

## Opinion

**OPINION & ORDER**

This matter is before the Court upon Plaintiff Total Quality Logistics, LLC's Motion to Remand. (Doc. 11). Defendant Gabriel Grigoryan filed a Memorandum in Opposition (Doc. 15) and Plaintiff filed a Reply (Doc. 18).

**I. BACKGROUND**

Plaintiff originally filed this action in the Clermont County Court of Common Pleas. (Doc. 1). Plaintiff is a freight brokerage and third-party logistics company with its principal place of business located in Clermont County Ohio. (Doc. 2, ¶ 2). Defendant is a resident of Illinois. (Doc. 2). Plaintiff claims Defendant violated the non-compete, non-solicitation, and confidentiality provisions of his employment agreement with Plaintiff by accepting employment with Plaintiff's direct competitor. (Doc. 2, ¶¶ 15-16). Plaintiff also claims that Defendant interfered with its business relations and misappropriated its confidential trade secret information. (Doc. 2, ¶ 1). Plaintiff brings claims for (1) **[*2]** breach of contract; (2) tortious interference with contract; (3) violation of *Ohio Uniform Trade Secrets Act*; and (4) violation of *Defend Trade Secrets Act, 18 U.S.C. § 1839*. In its prayer for relief, Plaintiff asked the court to enter the following relief:

a) Issue immediate, preliminary, and permanent injunctive relief prohibiting Grigoryan from any further violation of his Agreement with TQL, plus costs and attorney's fees as provided in the Agreement;

    b) Award compensatory damages in favor of TQL in an amount to be determined at trial in excess of $25,000;
    c) Award punitive damages in favor of TQL in an amount to be determined at trial;
    d) Award attorney's fees as provided in the Agreements or as otherwise provided by law;
    e) Court costs, prejudgment interest, and post-judgment interest; and
    f) Any other relief that this Court deems just and proper.

(Doc. 2, PAGEID# 41).

On May 24, 2018, Defendant removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1).

On June 19, 2018, Plaintiff submitted a Stipulation clarifying that the damages it seeks do not exceed $75,000. (Doc. 10). Plaintiff "stipulates that the relief it seeks is limited to judgment" of the following:

> A. Issue immediate, **[*3]** preliminary, and permanent injunctive relief prohibiting Defendant from any further violation of his Agreement with TQL, plus attorney's fees as provided in the Agreement, from any further misappropriation of TQL's trade secret information, and from any further tortious interference with TQL's business relations;
> B. Award compensatory damages in favor of TQL in an amount to be determined at trial in excess of $25,000.00, but not more than $75,000.00, inclusive of any award of punitive damages, attorney's fees, and injunctive relief;
> C. Award punitive damages in favor of TQL in an amount of not more than $75,000.00, inclusive of any award of compensatory damages, attorney's fees, and injunctive relief;
> D. Award attorney's fees as provided in the Agreement or as otherwise provided by law, in an amount of not more than $75,000.00, inclusive of any award of compensatory damages, punitive damages, and injunctive relief;
> E. Court costs, prejudgment interest, and post-judgment interest; and
> F. Any other relief that this Court deems just and proper.

(Doc. 10).

Plaintiff seeks an order remanding this action to the Court of Common Pleas of Clermont County, Ohio. Plaintiff also seeks costs, expenses **[*4]** and attorney fees incurred as a result of the improper removal of this action to this Court.

## II. ANALYSIS

A defendant may remove a case from state court to federal court if the court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Original jurisdiction under § 1441 arises if there is diversity of citizenship between the parties or the complaint presents a federal question. See 28 U.S.C. §§ 1331, 1332. Jurisdiction based on diversity of citizenship between the parties exists when there is complete diversity of citizenship between the opposing parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "[T]he sum demanded in good faith in the initial pleading" governs the amount in controversy when a party seeks removal based on 28 U.S.C. § 1332(a). 28 U.S.C. § 1446(c)(2). The party seeking removal bears the burden of demonstrating the federal court has original jurisdiction over the action. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). In addition, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Remand of actions after removal is governed by 28 U.S.C. § 1447(c), which states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under **[*5]** section 1446(a)."

Plaintiff timely filed its motion to remand along with its post-removal Stipulation clarifying that the amount in controversy does not exceed $75,000. Plaintiff maintains that as a result of the Stipulation, this Court is divested of subject matter jurisdiction.

Defendant responds that regardless of whether there is diversity jurisdiction, federal question jurisdiction exists under 28 U.S.C. §1331 because Plaintiff's Complaint includes a claim arising under Defend Trade Secrets Act, 18 U.S.C. §§ 1831, et seq. However, Defendant did not raise federal question jurisdiction in the Notice of Removal. Several federal district courts have held that a defendant cannot argue a new substantive ground as a basis for removal in opposing remand. Hahn v. Rauch, 602 F. Supp. 2d 895, 909 (N.D. Ohio 2008) (collecting cases); *see also* Uppal v. Elec. Data Sys., 316 F.Supp.2d 531, 536 (E.D.Mich. 2004) (defendant that claimed complete pre-emption under ERISA in its notice of removal could not argue for removal on grounds of diversity jurisdiction in opposing remand).

Defendant also argues that this Court should disregard the Stipulation because the amount of controversy is evaluated at the time of removal. In addition, Defendant argues that the amount of damages sought and the value of the injunctive relief is likely to exceed $75,000.

Generally, "a post-removal **[*6]** stipulation [or affidavit] reducing the amount in controversy to below the jurisdictional limit does not require remand to the state court." Rogers v. Wal—Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000). Instead, when a defendant's assertion of the amount in controversy is challenged, both sides must submit proof and the court will decide, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)).

However, "[w]hen a post-removal stipulation is the first specific statement of the alleged damages then it is considered a clarification, rather than a reduction, and the case may be remanded." Tankersley v. Martinrea Heavy Stampings, Inc., 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014). The Sixth Circuit has explained:

> A plaintiff may stipulate to a claim less than the federal jurisdictional amount "where a plaintiff provides specific information about the amount in controversy for the first time ...." Egan v. Premier Scales & Sys., 237 F.Supp.2d 774, 778 (W.D.Ky. 2002). That is a clarification rather than a reduction of the amount in controversy. Id. at 778. "[O]nly unequivocal statement[s] and stipulation[s] limiting damages will serve this purpose." *Id.* An actual limitation on the amount of a potential judgment "is essential to any such stipulation." *Id.* "To merely say that one will not accept money in excess of a certain amount limits neither the **[*7]** judgment nor the demand." *Id.*

Shupe v. Asplundh Tree Expert Co., 566 F. App'x 476, 481 (6th Cir. 2014).

Under *Ohio Civil Rule 8(A)*, a plaintiff is required to state in its complaint whether damages are sought in excess of $25,000, but the rule states that the plaintiff "shall not specify in the demand for judgment the amount of recovery sought, unless the claim is based upon an instrument required to be attached pursuant to *Civ. R. 10*." Because Plaintiff was not permitted to specify the amount of recover sought in its Complaint filed in state court, Plaintiff's Stipulation, filed in this Court, was the first specific statement of the alleged damages, and is considered a clarification, rather than a reduction of the amount in controversy.

In the Stipulation, Plaintiff "stipulates that the relief it seeks is limited to judgment" in an amount of damages not more than $75,000.00. Plaintiff also states that "[t]his Stipulation is intended to be unequivocal and binding on Plaintiff, and it is Plaintiff's intention that this Stipulation be used by the Court to limit the amount of any award to it."

(Doc. 10, PAGEID# 102). The Court finds that this post-removal Stipulation as to the amount of damages is unequivocal.[1]

However, in addition to money damages, Plaintiff seeks injunctive relief **[*8]** "prohibiting Defendant from any further violation of his Agreement with TQL, plus attorney's fees as provided in the Agreement, from any further misappropriation of TQL's trade secret information, and from any further tortious interference with TQL's business relations." (Doc. 10, PAGEID# 101).

In calculating the amount in controversy for declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co., 621 F.3d 554 (6th Cir. 2010)* (citing *Hunt v. Wash State Apple Adver. Comm'n, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977)*) (superseded by statute on other grounds)). "The Sixth Circuit has not yet resolved whether it 'view[s]' the amount in controversy from the perspective of the plaintiff or the defendant.'" *Skudnov v. Nat'l City Bank, No. 1:10CV-98-M, 2010 U.S. Dist. LEXIS 82491, 2010 WL 3069103, at *1 (W.D. Ky. Aug. 4, 2010)* (quoting *Northup Props., Inc. v. Chesapeake Appalachia, LLC, 567 F.3d 767, 770 (6th Cir. 2009))*. However, the Sixth Circuit has stated that "[i]t is generally agreed . . . that the amount in controversy should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Smith v. Nationwide Prop. & Cas. Ins. Co., 505 F.3d 401, 407 (6th Cir. 2007)* (quoting *Woodmen of the World/Omaha Woodmen Life Ins. Soc'y v. Scarbro, 129 Fed. Appx. 194, 195-96 (6th Cir. 2005))*; *see also S. States Police Benevolent Ass'n, Inc. v. Second Chance Body Armor, Inc., 336 F. Supp. 2d 731, 736 (W.D. Mich. 2004)* (concluding that the rule in the Sixth Circuit is that a request for injunctive relief must be valued from the plaintiff's viewpoint in determining the amount in controversy). Accordingly, this Court has held that where the plaintiff **[*9]** has requested injunctive relief, "the amount in controversy is the value of the right that the plaintiff seeks to protect or the extent of the injury to be prevented." *McIntire v. Ford Motor Co., 142 F.Supp.2d 911, 920 (S.D.Ohio 2001)*. Nevertheless, the burden remains on the defendant to establish, by a preponderance of the evidence and with competent proof, that the amount-in-controversy requirement has been met. See *28 U.S.C. § 1446(c)(2)(B)*. Here, Defendant has only presented common-sense arguments regarding the value of an injunction in this matter. Defendant points out that enforcing an injunction would have a deterrent effect against Plaintiff's other 4,000 employees leaving their employment with Plaintiff to work for a competitor; and based on the number of similar cases pending in this Court and the Clermont County Court of Common Pleas, Plaintiff has spent a substantial amount of attorney fees litigating these cases. While this may be true as a general matter, it is not sufficient to established the value of the injunction to Plaintiff for purposes of determining the amount in controversy in this single-defendant case. Therefore, Defendant has not met its burden of establishing that the value of the requested injunctive relief exceeded the amount in controversy **[*10]** requirement under the plaintiff's perspective. Accordingly, Plaintiff's Motion to Remand is GRANTED to the extent that it seeks a remand of this matter to the Clermont County Court of Common Pleas.

Finally, Plaintiff has requested costs, expenses and attorney fees incurred as a result of the improper removal of this action to this Court. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." *28 U.S.C. § 1447(c)*. The Sixth Circuit has explained that an award of costs and attorney fees under the removal statute is subject to the following guidance:

> "Absent unusual circumstances," the Supreme Court instructs that fee awards are appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." [*Martin v. Franklin Capital Corp.,*

---

[1] The Court notes that even if Defendant was given the opportunity to "show that it is 'more likely than not' that the plaintiff's claims" exceed $75,000 at the time of renewal, *Halsey v. AGCO Corp., No. 17-6403, 755 Fed. Appx. 524, 2018 WL 5879504, at *2 (6th Cir. Nov. 8, 2018)* (quoting *Rogers, 230 F.3d at 871*, Defendant cannot carry that burden here. According to the Complaint, Defendant was employed by Plaintiff until March 20, 2018. (Doc. 2, ¶ 10). Plaintiff alleges in the Complaint that it has "recently learned" Defendant has been working for a competitor. (Doc. 2, ¶ 15). Plaintiff's Complaint was filed on May 25, 2018. Presumably, when the Complaint was filed, Plaintiff had been working for the competitor less than two months. Moreover, it appears that Defendant has been on an indefinite leave from his current position since Plaintiff filed this lawsuit against him. (Doc. 14, PAGEID# 112).

546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005)]. This court has similarly instructed that "an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least some finding of fault with the defendant's decision to remove." [Bartholomew v. Town of Collierville, 409 F.3d 684, 687 (6th Cir. 2005)] (quoting Ahearn v. Charter Twp. of Bloomfield, No. 97-1187, 1998 U.S. App. LEXIS 13445, 1998 WL 384558 at *2 (6th Cir. June 18, 1998) (unpublished) (emphasis in original)).

Warthman v. Genoa Twp. Bd. of Trustees, 549 F.3d 1055, 1059-60 (6th Cir. 2008).

Here, the Court finds that Defendant did not lack an objectively **[*11]** reasonable basis for seeking removal. There is no dispute that the parties are diverse. The only issue was whether the amount-in-controversy requirement had been met. Although the Court declined to find that Defendant had carried his burden of demonstrating the federal court has original jurisdiction over the action, the Court does not find that defendant's assertions were so lacking as to be "devoid of even fair support." Therefore, the Court will decline to award attorney's fees in this instance; and Plaintiff's Motion to Remand is DENIED to the extent that Plaintiff seeks costs, expenses and attorney fees incurred as a result of the removal of this action to this Court.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiff Total Quality Logistics, LLC's Motion to Remand (Doc. 11) is **GRANTED in PART and DENIED in PART**. Plaintiff's Motion is GRANTED to the extent that it seeks a remand of this matter; but DENIED to the extent that Plaintiff seeks costs, expenses and attorney fees incurred as a result of the removal of this action to this Court Accordingly, this matter is remanded to the Clermont County Court of Common Pleas.

**IT IS SO ORDERED**.

/s/ Michael R. Barrett **[*12]**

JUDGE MICHAEL R. BARRETT

End of Document