Last updated  January 03, 2025   11:58:03 am GMT

# Richmond v. Populous Group, LLC

United States District Court for the Northern District of Ohio, Eastern Division

September 23, 2005, Decided ; September 23, 2005, Filed

CASE NO. 4:05 CV 01900

**Reporter**
2005 U.S. Dist. LEXIS 20934 *; 2005 WL 2338824

JULIE RICHMOND, PLAINTIFF v. POPULOUS GROUP, LLC, et al., DEFENDANTS

**Disposition: [*1]** Plaintiff's Motion to Remand GRANTED. Pursuant to *28 U.S.C. § 1447(c)*, this case REMANDED to Court of Common Pleas, Trumbull County, Ohio.

## Core Terms

amount in controversy, damages, federal jurisdiction, punitive damages, removal, preponderance of evidence, plaintiff's claim, jurisdictional amount, diversity, wages, subject matter jurisdiction, diversity jurisdiction, thousand dollars, burden of proof, district court, final judgment, federal court, allegations, citizenship, exceeding, pleadings, seventy-f, exceeds, parties

## LexisNexis® Headnotes

Civil Procedure > ... > Diversity Jurisdiction > Amount in Controversy > Challenges

Civil Procedure > ... > Diversity Jurisdiction > Amount in Controversy > Determination

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

Civil Procedure > ... > Removal > Postremoval Remands > General Overview

Civil Procedure > ... > Removal > Postremoval Remands > Jurisdictional Defects

**HN1[⬇]  Amount in Controversy, Challenges**

*28 U.S.C.S. § 1447(c)* provides that the federal district court should remand a case if at any time prior to final judgment it appears that the case was removed improvidently and without jurisdiction. Federal courts possess original diversity jurisdiction over suits between citizens of different states when the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interests and costs. *28 U.S.C.S. § 1332(a)*. As the party invoking federal jurisdiction, the defendant seeking removal bears the burden of proving the requirements of diversity jurisdiction.

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

> Civil Procedure > ... > Diversity Jurisdiction > Amount in Controversy > General Overview

> Civil Procedure > ... > Removal > Specific Cases Removed > General Overview

> Civil Procedure > Judgments > Relief From Judgments > General Overview

*HN2*[ ] Subject Matter Jurisdiction, Amount in Controversy

Generally, because the plaintiff is the master of the claim, a claim for specifically less than the jurisdictional amount precludes removal. State counterparts to *Fed. R. Civ. P. 54(c)*, however, may enable a plaintiff to defeat federal jurisdiction by claiming an amount below the amount in *28 U.S.C.S. § 1332(a)* while actually seeking and obtaining damages in excess of the federal requirement. Ohio has implemented such a rule. Ohio R. Civ. P. 54(C).

> Civil Procedure > ... > Removal > Specific Cases Removed > General Overview

> Civil Procedure > ... > Diversity Jurisdiction > Amount in Controversy > General Overview

*HN3*[ ] Removal, Specific Cases Removed

Defendants seeking removal must establish by a preponderance of the evidence that a plaintiff's claims meet the amount in controversy requirement. However, this standard does not place upon the defendants the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages. Furthermore, failure to adequately plead the amount in controversy requirement may be cured by the presence of clear allegations that the case involved a sum well in excess of the $ 75,000 minimum. In deciding whether the amount in controversy has been satisfied, the district court may weigh the evidence presented to determine whether jurisdiction exists. Evidence may include party affidavits, demand in a prior action which is based on the same events as the present action, and pretrial testimony that plaintiff's claims would exceed the amount in controversy requirement.

> Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Amount in Controversy

> Torts > ... > Punitive Damages > Measurement of Damages > Jurisdictional Amounts

> Civil Procedure > ... > Removal > Specific Cases Removed > General Overview

> Civil Procedure > Remedies > Damages > General Overview

> Civil Procedure > Remedies > Damages > Punitive Damages

> Torts > ... > Types of Damages > Punitive Damages > General Overview

> Torts > ... > Punitive Damages > Measurement of Damages > General Overview

*HN4*[ ] Subject Matter Jurisdiction, Amount in Controversy

Absent a specification in the complaint as to the amount of punitive damages sought, the defendant seeking to remove a case must prove facts sufficient to support federal jurisdiction.

**Counsel:** For Julie Richmond, Plaintiff: Raymond J. Masek, Warren, OH.

For Populous Group, LLC, Defendant: Lynette M. Falkowski, Heather M. Kern, McDonald Hopkins, Cleveland, OH; Jennifer M. Buckley, Clark Hill, Detroit, MI.

For General Motors Corporation, Defendant: Karen D. Adinolfi, Kyle S. Scheatzle, Roetzel & Andress, Akron, OH; Sherry Soanes, Dillingham & Murphy, Washington, DC; William Gaus, Dillingham & Murphy, San Francisco, CA.

**Judges:** PETER C. ECONOMUS, UNITED STATES DISTRICT JUDGE.

**Opinion by:** PETER C. ECONOMUS

## Opinion

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Motion to Remand. (Dkt. # 10). On June 23, 2005, the Plaintiff filed a Complaint in the Court of Common Pleas of Trumbull County, Ohio against the Defendants alleging sexual assault/harassment in violation of Ohio Revised Code Chapter 4112, as well as claims for violation of public policy, breach of implied contract, and negligence. The Complaint specifically requested, *inter alia,* "Compensatory damages in an amount in [*2] excess of Twenty Five Thousand ($ 25,000) Dollars for loss of wages and benefits, emotional distress, humiliation, and a sense of outrage" and punitive damages. (Dkt. # 1, Ex. A). The Defendants timely removed the case to this Court based upon the diversity of citizenship between the parties. The instant Motion to Remand ensued.

*HN1*[] Title 28 U.S.C. section 1447(c) provides that the federal district court should remand a case if at any time prior to final judgment it appears that the case was removed improvidently and without jurisdiction. Federal courts possess original diversity jurisdiction over suits between citizens of different states "when the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). As the party invoking federal jurisdiction, the defendant seeking removal bears the burden of proving the requirements of diversity jurisdiction. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir.2000), *cert. denied,* 532 U.S. 953, 121 S. Ct. 1428, 149 L. Ed. 2d 367 (2001).

It is undisputed that the instant parties meet the citizenship requirement of section 1332(a). Accordingly, [*3] this Court may properly exercise removal jurisdiction if the Defendants are able to establish that the case satisfies the statutory amount in controversy requirement.

In the instant case, Plaintiff alleges an amount in controversy below the jurisdictional amount. *HN2*[] Generally, because the plaintiff is the "master of the claim," a claim for specifically less than the jurisdictional amount precludes removal. Gafford v. General Electric Co., 997 F.2d 150, 157 (6th Cir.1993) (internal citations omitted).

State counterparts to Rule 54(c) of the Federal Rules of Civil Procedure, however, may enable a plaintiff to defeat federal jurisdiction by claiming an amount below the amount in section 1332(a) while actually seeking and obtaining damages in excess of the federal requirement. Rogers, 230 F.3d at 871. Ohio has implemented such a rule. OHIO R. CIV. P. 54(C) ("Every final judgment shall grant relief to the party in whose favor is rendered is entitled, even if the party has not demanded the relief in the pleadings.").

*HN3*[] In such a case, the defendants seeking removal must establish by a preponderance of the evidence that [*4] a plaintiff's claims meet the amount in controversy requirement. Rogers, 230 F.3d at 871; Gafford, 997 F.2d at 158. However, this standard "does not place upon the defendant[s] the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages." Id.

Furthermore, "failure to adequately plead the amount in controversy requirement may be cured by the presence of clear allegations that the case involved a sum well in excess of the $ 75,000 minimum." *Hayes v. Equitable Energy Resources Co., 266 F.3d 560, 572 (6th Cir.2001)* (internal citations omitted). In deciding whether the amount in controversy has been satisfied, the district court may weigh the evidence presented to determine whether jurisdiction exists. Evidence may include party affidavits, *United States v. A.D. Roe Co., 186 F.3d 717, 722 n. 4 (6th Cir.1999)*, demand in a prior action which is based on the same events as the present action, *Szalay v. Yellow Freight Sys., 999 F.Supp. 972, 974 (N.D.Ohio 1996),* **[*5]** and pretrial testimony that plaintiff's claims for backpay would exceed the amount in controversy requirement. *Gafford, 997 F.2d at 160-61*.

No such evidence regarding Plaintiff's claims is before this Court. Defendant Populus Group, LLC, ("Populus Group"), simply states that it "joins in the argument set forth" by Defendant General Motors, ("GM"), and contends that "diversity and the amount in controversy were clear from the pleadings at the time of removal." (Dkt. # 16 at 2). GM posits that Plaintiff's lost wages claim could expose GM to "potential liability" exceeding $ 25,000. (Dkt. # 17 at 5). GM also supposes that if Plaintiff seeks future wages, its "potential exposure to liability increases further" and that Plaintiff could recover "a possible three times $ 66,400" for non-economic damages. (Dkt. # 17 at 5,6). Reliance on speculation and conjecture is contrary to the Sixth Circuit's requirement that the subject matter jurisdiction of this Court should be determined by a preponderance of the evidence. Consequently, the Court finds that the Defendants have failed to produce sufficient evidence that the amount in controversy exceeds seventy-five thousand dollars **[*6]** ($ 75,000).

The Plaintiff's request for punitive damages similarly fails to support a determination that the requested damages exceed the jurisdictional amount. *HN4*[] "Absent a specification in the complaint as to the amount of punitive damages sought, the defendant seeking to remove a case must prove facts sufficient to support federal jurisdiction." *Bower v. American Casualty Company of Reading, Pennsylvania, 2001 U.S.App. LEXIS 18053, (6th Cir., August 6, 2001)*. The conclusory belief that "Defendants face the risk that Plaintiff will seek or be awarded excessive punitive damages" exceeding $ 75,000 does not suffice to carry the burden of establishing federal jurisdiction by a preponderance of the evidence. (Dkt. # 17 at 6); *Bower, 2001 U.S. App. LEXIS 18053 at *10*. "A conclusion to the contrary would extend federal jurisdiction to every case in which a plaintiff seeks punitive damages from a diverse defendant and undermine the fundamental nature of the federal courts as courts of limited jurisdiction." *Bower, 2001 U.S. App. LEXIS 18053 at *10-*11*.

Accordingly, the Court determines that the Defendant has failed to establish by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold **[*7]** of seventy-five thousand dollars ($ 75,000). The Court therefore lacks subject matter jurisdiction pursuant to *28 U.S.C. section 1332(a)*.

The Court hereby **GRANTS** Plaintiff's Motion to Remand. Pursuant to *28 U.S.C. § 1447(c)*, this case is **REMANDED** to the Court of Common Pleas, Trumbull County, Ohio.

**IT IS SO ORDERED.**

**September 23, 2005**

**PETER C. ECONOMUS**

**UNITED STATES DISTRICT JUDGE**

End of Document