UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **TOTAL QUALITY LOGISTICS, LLC.** | **Case No. 1:24-cv-742-SJD** |
| Plaintiff, | |
| **v.** | **Judge Dlott** |
| **NEAL et al.,** | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |
| Defendants. | |

This court does have subject matter jurisdiction over this action. The court should deny the motion to remand and should set a briefing schedule on the defendants' motion to dismiss for lack of personal jurisdiction (doc. 11).

Because the discussion in the Court's phone conference with the parties mainly on the effect of TQL's stipulation (doc. 8), this brief focuses on that issue.

**A. TQL's stipulation does not matter because the face of the complaint establishes removability.**

TQL makes the familiar argument that this Court lacks subject matter jurisdiction because of TQL's stipulation that it "does not seek nor will it accept" $75,000 or more. TQL cited several of its earlier cases (*Reed*, *Franklin*, *Johnson*, and *Choephel*) as supporting its position that the stipulation is sufficient. The Court also noted *TQL v. Summit*, which discussed the problems raised by the fact that Ohio's Civil Rule 8 directs parties to plead an amount that may or may not be over the jurisdictional minimum. All five of

those cases were remanded on the ground that the amount in controversy hadn't been established.

None of that case law is wrong—but as relevant to this case, it's incomplete.

The rule is not merely that a stipulation can establish that the amount in controversy is not met. The rule from the Sixth Circuit is that "A plaintiff may stipulate to a claim less than the federal jurisdictional amount where a plaintiff provides specific information [in the stipulation] about the amount in controversy *for the first time.*" *Heyman v. Lincoln National Life Insurance Co.*, 781 F. Appx 463, 469 (CA6 2019) (emphasis in original). "In such a situation, the stipulation by the plaintiff is not deemed a postremoval change in the prayer for relief but merely a clarification of the plaintiff's intent." *Id.* at 469-70.

In other words, the Sixth Circuit makes a distinction between post-removal stipulations that *clarify* the amount in controversy from the complaint, and post-removal stipulations that *change* the amount in controversy from the complaint. To put a finer point on it, if a complaint alleges an ambiguous amount that may or may not be over $75,000, then a plaintiff can file a qualifying post-removal stipulation to procure a remand. But because the question of subject matter jurisdiction "is determined at the time of removal," *Heyman* at 468, if the complaint alleges more than $75,000, then nothing the plaintiff stipulates to after removal can procure a remand (at least on the basis of amount in controversy).

2

The stipulations in *Reed*, *Franklin*, *Johnson*, *Choephel*, and *Summit* all clarified the amount in controversy. The stipulation in this case attempted to *change* the amount in controversy.

The difference between those cases and this case lies in the text of the complaints themselves. The cm/ecf-stamped complaints in *Reed*, *Franklin*, *Johnson*, *Choephel*, and *Summit* are attached to this brief for ease of reference.

*Reed* (attachment 1) is a six-count complaint that alleges several times that the amount in controversy is "believed to exceed the jurisdictional minimum of this Court"—meaning the Clermont County Court of Common Pleas, where that case was originally filed. Here is one example:

> 43. In the alternative and/or addition to such relief, as a direct and proximate result of Motley's breach and continuing breach of the Motley Agreement, TQL has suffered monetary damages in an amount to be proven at trial, but believed to exceed the jurisdictional minimum of this Court.

Similar allegations also appear in ¶34 and ¶68. (For whatever reason, three of the six counts do not contain any specific allegation relating to damages.)

Notwithstanding the phrasing in the *Reed* complaint, there is no jurisdictional minimum of Ohio's common pleas courts; they are courts of general jurisdiction. *See* OHIO CONST. ART. IV, SEC. 4(B) ("The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of

proceedings of administrative officers and agencies as may be provided by law."); *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, at ¶20 ("This court has long held that the court of common pleas is a court of general jurisdiction, with subject-matter jurisdiction that extends to 'all matters at law and in equity that are not denied to it.'").[1]

In any event, *Reed*'s prayer for relief then merely says in relevant part that it seeks damages "in an amount to be determined at trial in excess of $25,000.00."

Thus, all we know from the *Reed* complaint itself is that TQL sought more than $25,000. From the four corners of that document, *Reed* may or may not have had more than $75,000 in controversy. As a result, when TQL filed its post-removal stipulation, it was definitively establishing "for the first time," *Heyman* at 469, that it did not seek and would not accept more than $75,000. That is why remand was appropriate in *Reed*.

The other cases cited by TQL, and the *Summit* case, are all similar.

In *Summit* (attachment 2), TQL raised several counts where its damages were "believed to exceed the jurisdictional minimum of" the common pleas court (which is to say, more than $0). *See Summit* Complaint at ¶26, ¶44, ¶51. (As with *Reed*, one count had no statement of damages.) And as with *Reed* the prayer for relief in *Summit* merely sought damages "in an amount to be determined at trial in excess of $25,000.00."

---

[1] Ohio's common pleas courts are unlike its municipal courts, which "are creatures of statute and have limited jurisdiction." *State v. Cowan*, 101 Ohio St.3d 372, 2004-Ohio-1583, at ¶11. The cap on monetary damages in municipal court is $15,000. *See* Ohio Rev. Code §1901.17.

Because the amount sought in the complaint may or may not have been more than $75,000, the post-removal stipulation was effective to secure a remand in *Summit*.

The *Franklin* complaint (attachment 3) is pleaded a little bit differently, but not in any material way. Its four counts simply alleged that TQL was damaged, without reference to either the court's jurisdiction or any specific dollar figure. *See Franklin* Complaint at ¶62, ¶67, ¶76, ¶82. The prayer for relief in *Franklin* disregards the instruction of Ohio's Civil Rule 8 not to plead a number over $25,000 and instead says that the damages sought were "in the maximum cumulative total not to exceed $75,000." The *Franklin* complaint also sought equitable and related relief in the prayer. Thus, the *Franklin* complaint (like the *Reed* and *Summit* complaints) was ambiguous as to the value of the relief sought; damages "not to exceed $75,000" could be as low as $1, after all. (The *Franklin* court ultimately did remand the case, but not because of TQL's stipulation. The court held that the defendant had not met its burden of showing that the amount in controversy was satisfied. *See Total Quality Logistics LLC v. Franklin*, 2020 U.S. Dist. LEXIS 155757, at *17-22 (S.D. Ohio no. 1:19-cv-266, Aug. 27, 2020).)

*Choephel* (attachment 4) is similar to *Franklin*. In that case TQL alleged in ¶3 that all its damages "state a claim for less than $75,000," and alleged in ¶9 that it sought "less than $75,000 from the Defendants on all theories of recovery pled[.]" Other similar (or even more vague) allegations appeared throughout. *See* ¶50, ¶57, ¶71, prayer B-E. Once again, TQL's damages could have been as high as $74,999.99 or as low as $1. TQL

secured remand through its stipulation by stating for the first time that the combined value of monetary damages and injunctive relief was under the jurisdictional threshold.

Finally, in *Johnson* (attachment 5), TQL pleaded in ¶3 that it sought "an amount to be determined at trial in excess of $25,000.00, but less than $75,000.00, inclusive of any award of compensatory damages, punitive damages, attorney's fees, and the fair value of any injunctive relief." TQL's stipulation also garnered a remand in *Johnson*.

The common thread in all five of those cases is that there was no way from the complaint alone to definitively say that more or less than $75,000 was at issue. In every instance the floor on potential damages (as shown in the complaint itself) was less than $75,000, but the ceiling on potential damages was more than $75,000.

All five of these cases are factually distinguishable from the complaint in *this* case. In this case, the as-pleaded floor is more than $75,000, and so the case was properly removed.

In this case, TQL did not plead that it was seeking more than the zero-dollar jurisdictional minimum of the common pleas courts (as it did in *Reed* and *Summit*). TQL did not plead that it was seeking a "maximum" of $75,000 (as it did in *Franklin*) or an amount of "less than $75,000" (as it did in *Choephel*). TQL did not plead that it was seeking an amount "in excess of $25,000.00, but less than $75,000.00" (as it did in *Johnson*).

Instead, in this case, TQL raised three counts against each defendant, and in each one it explicitly alleged that it was seeking "more than $25,000." *See* Complaint (doc. 2) at ¶50, ¶59, ¶68, ¶73.

There is no way to multiply "more than $25,000" by three and obtain a result that is less than $75,000. As a matter of arithmetic, the face of the complaint in this case—unlike all of the other TQL cases—establishes the amount in controversy.

The defendants acknowledge that TQL has cited *Wilder v. Yammine*, in which another judge of this district concluded that allegations of "in no event less than $25,000" on each of six counts was not sufficient to establish jurisdiction.[2] Respectfully, that case was wrongly decided and is not binding on this Court. The Sixth Circuit, which does bind this Court, has instructed that the plaintiff is the master of its complaint, and that removability should be determined from the face of the complaint.

On that point, the Court should keep in mind that TQL is a sophisticated litigant who has been down this road many times. (The Court pointed this out during the phone conference with the parties.) TQL knows how to plead its way out of federal court. It did that correctly in *Reed*, *Franklin*, *Coephel*, *Johnson*, and *Summit*. It could have done that here. It did not. TQL made the conscious decision to plead "more than $25,000" on three separate counts against each defendant. The master of the complaint

---

[2] TQL also appears to cite the *Grigoryan* case for this proposition, but the *Grigoryan* complaint contains the same type of allegation as *Reed*, claiming damages in excess of "the jurisdictional minimum" of the common pleas court.

should be held to the terms of its complaint. Those terms show that the amount in controversy exceeds the Court's jurisdictional minimum.

Its post-removal stipulation attempts to *change* that amount, not *clarify* it. The motion to remand must be denied.

### B.  The defendants have established the amount in controversy.

Because the complaint itself establishes that more than $75,000 is in controversy, the inquiry ends there. Removing defendants are entitled to rely on the face of the pleading. *See, e.g., Coulson v. Gulfport Appalachia, LLC*, 2024 U.S. Dist. LEXIS 52517, at *13 (S.D. Ohio no. 2:23-cv-930, Mar. 25, 2024) ("Courts assess the amount in controversy based on the face of the complaint"), quoting *Compass Grp. USA, Inc. v. Eaton Rapids Pub. Sch.*, 349 F. App'x 33, 35 (CA6 2009).

### C.  Conclusion

The motion to remand should be denied. The Court should set a briefing schedule on the defendants' motion to dismiss for lack of personal jurisdiction.

Respectfully submitted,

 */s/ Jeffrey M. Nye*
Peter A. Saba (0055535)
Jeffrey M. Nye (0082247)
SSP Law, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Tel.     (513) 533-6714
Fax      (513) 533-2999
pas@sspfirm.com
jmn@sspfirm.com

**Counsel for defendants Thomas Carter Neal and Devine Logistics**

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served on all counsel of record via cm/ecf on the date of filing.

*/s/ Jeffrey M. Nye*
Jeffrey M. Nye