UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | Case No. 1:24-cv-00742-SJD |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| THOMAS C. "CARTER" NEAL, *et al.* | : | **REPLY OF PLAINTIFF TOTAL** |
| | : | **QUALITY LOGISITICS, LLC IN** |
| Defendants. | : | **SUPPORT OF ITS MOTION TO** |
| | : | **REMAND**_____ |

In their memorandum in opposition to the Motion to Remand brought by Plaintiff Total Quality Logistics, LLC ("TQL"), Defendants argue that they have satisfied their burden of establishing the amount in controversy requirement for diversity jurisdiction simply by totaling the amount of relief sought by TQL in each of the claims in its Complaint. Defendants contend that *Wilder v. Yammine*, cited by TQL in its Motion to Remand and which rejected Defendants' very argument, was "wrongly decided." *See* Defendants' Memorandum in Opposition, (Doc. 14) at PageID # 251. But other decisions from this Court have also explicitly rejected Defendants' sole argument in support of removal, concluding that Ohio R. Civ. P. 8(A) does not permit a plaintiff to include a specific claim of the amount of its damages in its complaint.

Accordingly, Defendants cannot aggregate the amounts sought by TQL for each of its claims to meet the amount in controversy requirement. Moreover, TQL's Jurisdictional Stipulation states that it is binding and unequivocally seeks damages in a cumulative amount less than $75,000 per Defendant in this action, providing the first "clarification" as to the amount in controversy after removal that Courts in this Circuit have universally accepted as sufficient to repudiate federal jurisdiction. *See* Jurisdictional Stipulation, (Doc. 8) at PageID # 125-127.

1

I.  **Defendants Cannot Aggregate the Amounts Demanded in Each of TQL's Claims to Meet the Amount in Controversy Requirement.**

Defendants attempt to distinguish certain cases in which this Court remanded the matters based on TQL's stipulations which clarified that it was not seeking damages in excess of $75,000. This Court remanded all those cases (*Reed*, *Franklin*, *Johnson*, *Choephel*, and *Summit*) because the amount in controversy requirement had not been met. Defendants argue that the underlying pleadings in those cases were different than those here, and that the distinctions in the pleadings should result in this Court finding that Defendants have satisfied their burden in establishing the amount in controversy requirement to support diversity jurisdiction. But the distinctions that Defendants rely upon here do not make a difference.

Here, Defendants claim that "TQL raised three counts against each defendant, and in each one it explicitly alleged that it was seeking 'more than $25,000.'" (Doc. 14) at PageID #251. Defendants then ask this Court to multiply $25,000 by three to establish the amount in controversy. *Id.* Defendants acknowledge that in *Wilder v. Yammine*, No. 1:21-cv-00731, 2023 U.S. Dist. LEXIS 176465 (S.D. Ohio Sept. 30, 2023), this Court rejected an identical argument that the amount in controversy requirement for diversity jurisdiction had been met where the plaintiff asserted six claims, ending each assertion with a statement that plaintiff had been damaged in an amount exceeding $25,000. *Id.* at *5-6. The defendant claimed removal was proper because "Plaintiff's complaint, when taken at face value, alleges over $150,000 in damages—$25,000 for each of the six counts in the complaint." *Id.*

This Court rejected the defendant's argument—the same argument Defendants assert here—explaining that the Ohio Rules of Civil Procedure do not permit a plaintiff to specify the amount of its damages in its complaint: "Because the Ohio Rules of Civil Procedure bar plaintiffs seeking more than $25,000 in damages from specifying the exact amount sought in their initial

2

pleadings, *Ohio R. Civ. P. 8(A)*, Plaintiff's complaint did not specify the exact damages sought." *Id*. at *5-6. The Court then relied on the plaintiff's stipulation that clarified that the relief that it sought would not exceed $75,000 and remanded the case. *Id*. at *8.

Though Defendants claim that *Wilder* was wrongly decided, they offer no case law to support their position. But there are cases from this Court apart from *Wilder* that also specifically reject their argument. For example, like here, the defendants claimed that three counts in the plaintiffs' complaint separately alleged damages in excess of $25,000 and therefore the complaint's plain language necessarily exceeded $75,000 in *Total Quality Logistics, LLC v. Lankford*, No. 1:23-cv-303, 2023 U.S. Dist. LEXIS 118484, at *8 (S.D. Ohio July 10, 2023). After a thoughtful analysis, this Court considered TQL's post-removal stipulation a clarification, rather than a reduction, of the damages it sought because Ohio law prevents a plaintiff from including a binding statement regarding damages in its complaint. *Id*. at *10.

And, like here, the defendants argued that "the amount in controversy requirement is met because there are four claims and Plaintiff has demanded in excess of $25,000 with respect to each claim" in *Smith v. Supercenter*, No. 3:32-cv-002182023, 2023 U.S. Dist. LEXIS 218893, at *4 (S.D. Ohio Dec. 8, 2023) (adopted by, remanded by 2024 U.S. Dist. LEXIS 1901 (S.D. Ohio Jan. 4, 2024)). There, this Court also held that the defendants could not aggregate the amounts demanded in each of the plaintiff's claims to meet the amount in controversy requirement by simply totaling the four amounts ($25,000 x 4 = $100,000). *Id*. at *5. The Court explained that Ohio R. Civ. P. 8(A) does not permit a plaintiff to demand damages in an amount greater than $25,000 and, therefore, the Court refused to construe the plaintiff's complaint as setting forth an amount in controversy in excess of $100,000. *Id.*

3

Similarly, in *James v. Travco Ins. Co.*, this Court also rejected a plea to aggregate the amounts demanded in each of the plaintiff's claims to meet the amount in controversy requirement: "Defendant argues that the Court should simply add up Plaintiff's multiple demands in excess of $25,000 to calculate the amount in controversy." No. 3:23-cv-00383, 2024 U.S. Dist. LEXIS 47198, at *7-8 (S.D. Ohio Mar. 18, 2024) (adopted by, remanded by 2024 U.S. Dist. LEXIS 65518 (S.D. Ohio Apr. 10, 2024)). Like in *Smith*, the Court concluded that Ohio. R. Civ. P. 8(A) barred the Court from construing the plaintiff's complaint as demanding a specific amount greater than $25,000. *Id.* at *8; *see*, *also*, *Total Quality Logistics, LLC v. Traffic Tech, Inc.*, No. 1:22-cv-304, 2022 U.S. Dist. LEXIS 133142, at *8 (S.D. Ohio July 26, 2022) (Dlott, J.) (rejecting defendants' argument that TQL specifically calculated its damages by assigning a value on a per-claim basis and concluding that TQL's stipulation was the first specific post-removal statement of TQL's alleged damages and was a clarification of the amount in controversy).

Notably, in both *Smith* and *James*, the plaintiffs had refused to stipulate that their damages were less than $75,000.01 and, from the refusals, the Court granted inferences that the plaintiffs believed their claims may be worth more than $75,000. Nevertheless, in both cases, the Court concluded that the defendants failed to meet their burden of establishing the amount in controversy requirement based only on the plaintiffs' pleadings. In contrast, here TQL has also clarified the amount of recovery it seeks through its unequivocal and binding Jurisdictional Stipulation. (Doc. 8) at PageID # 125-127. As referenced in TQL's Motion to Remand, unequivocal and binding stipulations that limit damages to $75,000 deprive the Court of diversity jurisdiction. *See*, *e.g.*, *Total Quality Logistics, LLC v. Franklin*, No. 1:19-cv-266, 2020 U.S. Dist. LEXIS 155757, at *12-13 (S.D. Ohio Aug. 27, 2020); *Total Quality Logistics, LLC v. Johnson*, No. 1:21-cv-467, 2021 U.S. Dist. LEXIS 147519, at *7 (S.D. Ohio Aug. 6, 2021) (holding that "such a stipulation has

provided the necessary clarification on damages and supported remand.") (collecting cases); *Total Quality Logistics, LLC v. Choephel*, No. 1:23-cv-536, 2024 U.S. Dist. LEXIS 51727, at *8 (S.D. Ohio Mar. 22, 2024) (TQL's post-removal stipulation that unequivocally limits all forms of relief to $75,000 deprives the Court of jurisdiction); *see also Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469-70 (6th Cir. 2019).

Accordingly, under uncontroverted authority, Defendants have not met their burden in establishing the amount in controversy requirement for diversity jurisdiction. This Court must remand the matter to the Clermont County Common Pleas Court in Ohio.

## II.    Conclusion

For the foregoing reasons, TQL respectfully requests that the Court remand the action to the Clermont County Court of Common Pleas in Ohio.

                Respectfully submitted,

                */s/ Scott K. Jones*_____
                Scott Jones (0069859)
                Trial Attorney
                David A. Back (0066564)
                SKJ LAW
                3825 Edwards Road; Suite 103
                Cincinnati, OH 45209
                513-410-2074 (T)
                513-536-6393 (F)
                sjones@skj-law.com
                dback@skj-law.com

                *Counsel for Plaintiff Total Quality Logistics, LLC*