## *James v. Travco Ins. Co.*

United States District Court for the Southern District of Ohio, Western Division

March 18, 2024, Filed

Case No. 3:23-cv-00383

**Reporter**
2024 U.S. Dist. LEXIS 47198 *; 2024 WL 1151916

LAMARR JAMES, Plaintiff, vs. TRAVCO INSURANCE COMPANY, Defendant.

**Subsequent History:** Adopted by, Remanded by *James v. Travelers Co., Inc.*, 2024 U.S. Dist. LEXIS 65518 (S.D. Ohio, Apr. 10, 2024)

**Counsel:** [*1] For Lamarr James, Plaintiff: Johanna Beth Hutchins, LEAD ATTORNEY, Law Offices of Blake R. Maislin, LLC, Cincinnati, OH.

For Travelers Companies, Inc., Travelers Indemnity Company, doing business as, Travelers Insurance, Travco Insurance Company, Defendants: Devin Anthony Bembnister, Gallagher Sharp LLP, Columbus, OH; Mark A Greer, Gallagher Sharp LLP, Cleveland, OH.

**Judges:** Caroline H. Gentry, United States Magistrate Judge. District Judge Thomas M. Rose.

**Opinion by:** Caroline H. Gentry

## Opinion

**REPORT AND RECOMMENDATION**

This matter comes before the Court to consider whether it has subject-matter jurisdiction over this removed action. *See* Fed. R. Civ. P. 12(h)(3). This Court previously entered an Order to Show Cause as to why this case should not be remanded for lack of subject-matter jurisdiction. (Doc. No. 9.) After reviewing the Response filed by the prior Defendants (Doc. No. 12), the undersigned Magistrate Judge concludes that Defendant Travco Insurance Company[1] has not met its burden of establishing that the amount-in-controversy requirement is met. The undersigned therefore **RECOMMENDS** that this matter be **REMANDED** to the Court of Common Pleas of Montgomery County, Ohio.

**I. BACKGROUND**

Plaintiff Lamarr James originally filed her Complaint [*2] in the Montgomery County Court of Common Pleas, alleging that Defendant violated a homeowner's insurance policy by failing to cover "a substantial flooding loss to the contents and interior of her residence." (Complaint, Doc. No. 6 at PageID 44-45.) She asserts state-law claims for breach of contract and bad faith. (*Id.* at PageID 46-49.) For each claim, Plaintiff alleges that she sustained

---

[1] Plaintiff filed an Amended Complaint after this action was removed to this Court. (Am. Compl., Doc. No. 14). In the Amended Complaint, Plaintiff dropped her claims against the three Defendants named in the original Complaint and added Travco Insurance Company as the new (and sole) Defendant. (*Id.* at PageID 191.) Although Plaintiff rephrased other portions of the Amended Complaint, she did not make any other substantive changes. To reduce any confusion, the Court will refer to "Defendant" in this R&R.

damages "in an amount, yet to be determined, but in excess of Twentyfive thousand ($25,000.00) dollars, according to proof at trial." (*Id.*) For the bad faith claim, Plaintiff also alleges that she is entitled to an award of punitive or exemplary damages "in an amount, to be determined by the trier of fact, but in excess of Twentyfive thousand ($25,000.00) dollars, according to proof at trial." (*Id.*) In her demand for relief, Plaintiff seeks an award of compensatory damages in an amount in excess of $25,000, punitive damages in excess of $25,000, attorneys' fees, costs, and pre-judgment interest. (*Id.* at PageID 49-50.)

Defendant removed the lawsuit to this Court based upon diversity of citizenship under 28 U.S.C. § 1332. (Notice of Removal, Doc. No. 1.) In the Notice of Removal, Defendant made the conclusory assertion **[\*3]** that "[t]he Complaint seeks monetary damages in excess of $75,000, plus attorney fees, punitive damages, interest, and costs." (*Id.* at PageID 3.) Defendant did not itself allege an amount in controversy. Nor did Defendant allege facts that support either its belief that Plaintiff is claiming an amount of damages in excess of $75,000, or the reasonableness of such a claim.

Upon review of Plaintiff's Complaint and the Notice of Removal, the undersigned concluded that Defendant did not plausibly allege that the amount in controversy exceeds $75,000. Therefore, the Court issued an Order to Show Cause why this matter should not be remanded for lack of subject-matter jurisdiction. (Doc. No. 9.)

## II. LEGAL STANDARD

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . . , which is not to be expanded by judicial decree[.]" Hudson v. Coleman, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). This Court has a duty to review *sua sponte* whether subjectmatter jurisdiction exists in each case before it. Hertz Corp. v. Friend, 559 U.S. 77, 94, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). **[\*4]** See also Fed. R. Civ. P. 12(h)(3).

If the Court's subject-matter jurisdiction is uncertain, then this Court must strictly construe the removal statutes and resolve all doubts in favor of remand. Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999). This rule "makes sense" because if the Court finds that it lacks jurisdiction at any point of the proceedings (including on appeal) then it must dismiss the case and nullify all proceedings up to that point, "which serves no one's interests." Total Quality Logistics, LLC v. Franklin, No. 1:19-cv-266, 2020 U.S. Dist. LEXIS 155757, \*8 (S.D. Ohio Aug. 27, 2020) (Cole, D.J.).

Diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The amount in controversy is determined as of the date the complaint is filed. Klepper v. First Am. Bank, 916 F.2d 337, 340 (6th Cir. 1990).

When the plaintiff specifies an amount of damages in the complaint and has a good-faith basis for doing so, the removing defendant can generally rely on that monetary demand to satisfy the amount-in-controversy requirement. 28 U.S.C. § 1446(c)(2). Such reliance is not permitted, however, if it appears to a legal certainty that damages cannot be recovered in that amount. Rosen v. Chrysler Corp., 205 F.3d 918, 921 (6th Cir. 2000) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1937)).

If the plaintiff does not specify an amount of damages in excess of $75,000 in the complaint, then the defendant's notice of removal must include **[\*5]** a plausible allegation that the amount-in-controversy requirement is met. 28 U.S.C. § 1446(c)(2)(A)(ii); Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014). This happens regularly in this Court because the Ohio Rules of Civil Procedure bar most plaintiffs from specifying an amount of damages in excess of $25,000. *See* Ohio R. Civ. P. 8(A)(2).

If no one questions the amount in controversy pled in the notice of removal, then the removing defendant need take no further action. If, however, "the plaintiff contests, or the court questions, the defendant's allegation" regarding the

amount in controversy, then the removing defendant must prove by a preponderance of the evidence that it exceeds $75,000. *Dart Cherokee, 574 U.S. at 89* (citing 28 U.S.C. § 1446(c)(2)(B)). Accord *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co., 621 F.3d 554, 559 (6th Cir. 2010)* (holding that the party invoking a federal court's subject-matter jurisdiction bears "the burden of demonstrating **by competent proof** that the completediversity and amount-in-controversy requirements are met") (emphasis added).

The Court may rely on "reasonable inferences and deductions" when determining whether the amount-in-controversy requirement has been met. *Stern v. First Liberty Ins. Corp., 424 F. Supp. 3d 1264, 1269 (S.D. Fla. Jan. 24, 2020)*. Notably, the Court is not "bound by the plaintiff's representations regarding" his or her estimate of the amount in controversy. *Id.*; accord *Graves v. Standard Ins. Co., No. 18-5449, 2019 U.S. App. LEXIS 27526, *8-9 (6th Cir. Sept. 11, 2019)* ("Despite Graves' statement under oath that the value of her claims was **[*6]** 'at least $883,000,' we conclude that the district court clearly erred in finding that the amount in controversy more likely than not was more than $75,000 at the time of removal").

### III. ANALYSIS

Defendant argues that the amount-in-controversy requirement is met because Plaintiff demanded in excess of $25,000 for each of her two claims. (Response, Doc. No. 12 at PageID 180, 183-85.) When combined with Plaintiff's demand for attorney fees and prejudgment interest, Defendant argues that the total amount in controversy exceeds $75,000. (*Id.* at PageID 180, 185-86.) Defendant further argues that because Plaintiff has not stipulated that the total damages are less than $75,000, "the pleadings on their face are of such a nature that the claims seek damages which exceed $75,000." (*Id.* at PageID 180.) Finding that none of these arguments are well-taken, the undersigned recommends that this matter be remanded to state court for lack of subject-matter jurisdiction.

Before addressing these arguments, the undersigned must address Defendant's position that the sole question before the Court is whether it appears "to a legal certainty" that Plaintiff's claimed damages do not meet the jurisdictional **[*7]** amount. (Response, Doc. No. 12 at PageID 181.) Unlike this case, in every case that Defendant cites to support this contention, the plaintiff alleged a specific amount of damages in the complaint. *See Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240-41, 64 S. Ct. 5, 88 L. Ed. 15 (1943)*; *Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572 (6th Cir. 2001)*; *Klepper v. First Am. Bank, 916 F.2d 337, 341 (6th Cir. 1990)*; *Wood v. Start Tri-County Bldg. Trades Council, 473 F.2d 272, 273-74 (6th Cir. 1973)*. Here, by contrast, Plaintiff did not allege a specific amount of damages in the Complaint. In such a circumstance, the removing Defendant—as the party seeking to invoke this Court's jurisdiction—bears the burden of showing "by a preponderance of the evidence that the amount in controversy requirement has been met." *Halsey v. AGCO Corp., 755 F. App'x 524, 526-27 (6th Cir. 2018)* (citing *Hayes, 266 F.3d at 572*). As explained below, Defendant has not met this burden.

### A. Defendant Cannot Aggregate The Amounts Demanded In Each Of Plaintiff's Claims To Meet The Amount In Controversy Requirement.

Defendant argues that the Court should simply add up Plaintiff's multiple demands for damages in excess of $25,000 to calculate the amount in controversy. (Response, Doc. No. 12 at PageID 183.) This argument misapprehends the Ohio Rules of Civil Procedure, which governed the drafting and filing of Plaintiff's Complaint in state court. Rule 8(A)(2) provides that "[i]f the party seeks more than twenty-five thousand dollars [$25,000], the party shall so state in the pleading **but shall not specify [*8] in the demand for judgment the amount of recovery sought**, unless the claim is based upon an instrument required to be attached pursuant to Civ. R. 10." Ohio R. Civ. P. 8(A)(2) (emphasis added). Because the claims in this lawsuit are not founded upon an instrument required to be attached under Rule 10, Plaintiff was legally barred from demanding a specific amount greater than $25,000.

Therefore, the Court cannot construe Plaintiff's Complaint as setting forth an amount in controversy in excess of $75,000. Such a construction is not permitted by the Ohio Rules of Civil Procedure, which bars a demand for

damages in an amount greater than $25,000. Accordingly, Defendant's argument that the Court should impose such a construction for purposes of determining the amount in controversy is not well-taken.

### B. Defendant's Reliance On Plaintiff's Demand For Punitive Damages Is Unavailing

Defendant further argues that Plaintiff's demand for punitive damages suffices to meet the amount-in-controversy requirement. (Response, Doc. No. 12 at PageID 186.) This argument also fails. It is true that Ohio law allows for an award of punitive damages in a bad faith claim in an amount of up to twice the economic damages awarded. *O.R.C. § 2315.21(D)(2)(a)*. But this fact does **[*9]** not aid Defendant because it did not plausibly allege or prove the amount of Plaintiff's economic damages. The amount-in-controversy requirement is not satisfied by the mere possibility that Plaintiff will be awarded punitive damages in an amount of up to twice an *unspecified* amount of economic damages. See *Everett v. Verizon Wireless, Inc., 460 F.3d 818, 829 (6th Cir. 2006)* (defendants "must do more than show a mere possibility that the jurisdictional amount is satisfied"). "A conclusion to the contrary would extend federal jurisdiction to every case in which a plaintiff seeks punitive damages from a diverse defendant and undermine the fundamental nature of federal courts as courts of limited jurisdiction." *Bower v. Am. Cas. Co., No. 99-4102, 2001 U.S. App. LEXIS 18053, at \*10-11 (6th Cir. Aug. 6, 2001)*.

### C. Defendant Cannot Rely Solely Upon Plaintiff's Refusal To Stipulate To The Amount Of Damages To Prove That The Amount In Controversy Requirement Has Been Met.

Finally, Defendant argues that "[u]nless Plaintiff steps forward and stipulates that the total damages, inclusive of all claims including the breach of contract, bad faith, attorney fee and prejudgment interest prayers, are less than $75,000, the pleadings on their face are of such a nature that the claims seek damages which exceed $75,000." (Response, Doc. No. 12 at PageID 180.) This argument, **[*10]** too, is not well-taken.

It is true that a plaintiff's refusal to agree to such a stipulation can give rise to "an inference" that the plaintiff "thinks his claims may be worth more than $75,000." *Halsey, 755 F. App'x at 528*. But such an inference, by itself, is insufficient to prove that the amount in controversy requirement is met. The Court is not bound by a plaintiff's estimation of the amount of his damages when making this determination. E.g., *Graves v. Standard Ins. Co., No. 18-5449, 2019 U.S. App. LEXIS 27526, \*8-9 (6th Cir. Sept. 11, 2019)* ("Despite Graves' statement under oath that the value of her claims was 'at least $883,000,' we conclude that the district court clearly erred in finding that the amount in controversy more likely than not was more than $75,000 at the time of removal"); *Stern v. First Liberty Ins. Corp., 424 F. Supp. 3d 1264, 1269 (S.D. Fla. Jan. 24, 2020)* ("[T]he district court is not bound by the plaintiff's representations regarding its claim and may review the record for evidence relevant to the amount in controversy") (internal quotations and citations omitted).

Defendant has not pointed to any evidence, other than the fact that Plaintiff has not "stepped forward" and stipulated that the total damages are less than $75,000, that the amount in controversy requirement has been met. Therefore, even accepting Defendant's proposed inference that Plaintiff believes that **[*11]** her damages exceed $75,000, this is "a case where the defendant provided no quantifiable evidence of damages—leaving the court with nothing but speculation." *Halsey, 755 F. App'x at 528* (citing *Suwala v. Progressive Ins. Co., No. 2005-cv-135, 2005 U.S. Dist. LEXIS 21473, 2005 WL 2076490, \*3 (E.D. Ky. Aug. 25, 2005)* (remanding the case)).

### IV. CONCLUSION

For these reasons, the undersigned concludes that Defendant has not proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Moreover, if there is any doubt as to whether the Court has subject-matter jurisdiction—and the undersigned finds that there is ample doubt in this case—then the proper

course of action is to remand the matter to state court. *Brierly, 184 F.3d at 534*; *Total Quality Logistics, LLC, 2020 U.S. Dist. LEXIS 155757, at \*8*.

Accordingly, the undersigned **RECOMMENDS** that the Court **REMAND** this matter to the Court of Common Pleas of Montgomery County, Ohio.

**IT IS SO RECOMMENDED**.

*/s/ Caroline H. Gentry*

Caroline H. Gentry

United States Magistrate Judge

---

**End of Document**