## *Smith v. Supercenter*

United States District Court for the Southern District of Ohio, Western Division

December 8, 2023, Filed

Case No. 3:23-cv-00218

**Reporter**
2023 U.S. Dist. LEXIS 218893 *; 2023 WL 8520314

ORVILLE SMITH, Plaintiff, vs. WAL-MART SUPERCENTER #3783, et al., Defendants.

**Subsequent History:** Adopted by, Remanded by *Smith v. Supercenter, 2024 U.S. Dist. LEXIS 1901 (S.D. Ohio, Jan. 4, 2024)*

**Counsel:** [*1] For Orville Smith, Plaintiff: Robert Leroy Gresham, LEAD ATTORNEY, Wright & Schulte, Dayton, OH; Loukesha Q Brooks, Wright and Schulte, Dayton, Oh; Michael L Wright, Wright & Schulte, LLC, Dayton, OH.

For Wal-Mart Supercenter #3783, Wal-Mart, Inc., Defendants: Nathan Andrew Lennon, Reminger, Reminger, Ft. Mitchell, KY; Michael Joseph Caligaris, Reminger Co. LPA - Cleveland, OH, Cincinnati, OH.

**Judges:** Caroline H. Gentry, United States Magistrate Judge. District Judge Thomas M. Rose.

**Opinion by:** Caroline H. Gentry

## Opinion

**REPORT AND RECOMMENDATION**

This matter comes before the Court to consider whether it has subject-matter jurisdiction. *See Fed. R. Civ. P. 12(h)(3)*. After reviewing Defendants' Response (Doc. No. 8) to this Court's Order to Show Cause (Doc. No. 7), the undersigned Magistrate Judge concludes that Defendants have not met their burden of establishing that the amount in controversy requirement has been met. *See 28 U.S.C. § 1446(c)(2)(B); Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572 (6th Cir. 2001)*. The undersigned therefore **RECOMMENDS** that this matter be **REMANDED** to the Court of Common Pleas of Montgomery County, Ohio.

**I. BACKGROUND**

This dispute arose from injuries that Plaintiff Smith allegedly sustained on July 31, 2021 while shopping at a Wal-Mart store in Dayton, Ohio. Plaintiff claims that he slipped and fell [*2] on a wet substance, which caused him to fall to the ground and suffer "severe" injuries to his head, neck, back, and leg. (Complaint, Doc. No. 4, PageID 38.) As a result, Plaintiff claims to have endured great physical and emotional pain and suffering, both past and future, as well as a loss of function. (*Id.* at PageID 39.) He also claims that he has incurred and will incur reasonable and necessary medical expenses. (*Id.*)

Plaintiff filed suit in the Montgomery County Court of Common Pleas against Defendants Wal-Mart Supercenter #3783, Walmart, Inc., John and/or Jane Doe Employee, and XYZ Corporation. (Doc. No. 4, PageID 36.) In his Complaint, Plaintiff asserts state-law claims for negligence (Count I), respondeat superior, negligent training, retention, and supervision (Count II), emotional distress (Count III), and strict liability (Count IV). (*Id.* at PageID 37-40.) In each Count, Plaintiff "demands judgment against Defendants . . . jointly and/or severally, for an amount in excess of $25,000.00, plus interest, punitive damages, attorney's fees and the costs of this action." (*Id.*)

Defendants Wal-Mart Supercenter #3783 and Wal-Mart, Inc. (collectively "Defendants") removed the action **[*3]** to this Court on the basis of diversity of citizenship jurisdiction. (Notice of Removal, Doc. No. 1.) After reviewing the Notice of Removal, the undersigned Magistrate Judge issued an Order to Show Cause (Doc. No. 7) as to why this action should not be remanded for lack of subject-matter jurisdiction.

## II. LEGAL STANDARD

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . ., which is not to be expanded by judicial decree[.]" *Hudson v. Coleman, 347 F.3d 138, 141 (6th Cir. 2003)* (internal citations omitted). This Court has a duty to review *sua sponte* whether subject-matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend, 559 U.S. 77, 94, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010)* ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *see also Fed. R. Civ. P. 12(h)(3)* ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

If the Court's subject-matter jurisdiction is uncertain, then this Court must strictly construe the removal statutes and resolve all doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999)*. This rule "makes sense" because if the Court finds that it lacks jurisdiction at any point of the proceedings **[*4]** (including on appeal), then it must dismiss the case and nullify all proceedings up to that point, "which serves no one's interests." *Total Quality Logistics, LLC v. Franklin, No. 1:19-cv-266, 2020 U.S. Dist. LEXIS 155757, 2020 WL 5051418, *3 (S.D. Ohio Aug. 27, 2020)* (Cole, D.J.) (citing *Eastman v. Marine Mech. Corp., 438 F.3d 544, 549 (6th Cir. 2006)*).

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *28 U.S.C. § 1332(a)*. Typically, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." *28 U.S.C. § 1446(c)(2)*. But where, as here, State law "permits recovery of damages in excess of the amount demanded," then the notice of removal may specify the amount in controversy. *28 U.S.C. § 1446(c)(2)(A)*. In such a case, the removing defendant must also prove by a preponderance of the evidence that the amount in controversy requirement has been met. *28 U.S.C. § 1446(c)(2)(B)*; *Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572 (6th Cir. 2001)*. A defendant may rely upon a "fair reading" of the complaint and other evidence to meet this burden. *Id. at 573*.

## III. ANALYSIS

In their Response, Defendants argue that the amount in controversy requirement is met because there are four claims and Plaintiff has demanded in excess of $25,000 with respect to each claim. (Response, Doc. No. 8 at PageID 59.) Defendants also argue that Plaintiff's **[*5]** alleged refusal to stipulate that his damages do not exceed $75,000, combined with the allegations in Plaintiff's Complaint, "show that it is more likely than not that Plaintiff is claiming damages in excess of $75,000." (*Id.* at PageID 61.) For the reasons explained below, neither of these arguments is well-taken. Therefore, the undersigned recommends that this matter be remanded to state court.

### A. Defendants Cannot Aggregate The Amounts Demanded In Each Of Plaintiff's Claims To Meet The Amount In Controversy Requirement.

In his Complaint, Plaintiff asserts four claims for relief and demands $25,000 in connection with each claim. Defendants argue that the Court can construe the Complaint as alleging an amount in controversy in excess of $100,000 by simply totaling these four amounts (i.e., $25,000 x 4 = $100,000). (Response, Doc. No. 8 at PageID 59.)

This argument misapprehends the Ohio Rules of Civil Procedure, which governed the drafting and filing of Plaintiff's Complaint in state court. Rule 8(A)(2) provides that "[i]f the party seeks more than twenty-five thousand dollars [$25,000], the party shall so state in the pleading **but shall not specify in the demand for judgment the amount of recovery [*6] sought**, unless the claim is based upon an instrument required to be attached pursuant to Civ. R. 10." Ohio R. Civ. P. 8(A)(2) (emphasis added). Because the claims in this lawsuit are not founded upon an instrument required to be attached under Rule 10, Plaintiff was legally barred from demanding a specific amount greater than $25,000.

Therefore, the Court cannot construe Plaintiff's Complaint as setting forth an amount of controversy in excess of $100,000. Such a construction is not permitted by the Ohio Rules of Civil Procedure, which bars demands for damages in an amount greater than $25,000. Accordingly, Defendants' argument that the Court should impose such a construction for purposes of determining the amount in controversy is not well-taken.

**B. Defendants Cannot Rely Solely Upon Plaintiff's Refusal To Stipulate To The Amount Of Damages To Prove That The Amount In Controversy Requirement Has Been Met**.

Defendants also argue that Plaintiff's refusal to stipulate that his damages are less than $75,000.01 "show that it is more likely than not Plaintiff is claiming damages in excess of $75,000." (Response, Doc. No. 8 at PageID 61.)

It is true that a plaintiff's refusal to agree to such a stipulation can give rise to "an inference" **[*7]** that the plaintiff "thinks his claims may be worth more than $75,000." *Halsey v. AGCO Corp., 755 F. App'x 524, 528 (6th Cir. 2018)*. But such an inference, by itself, is insufficient to prove that the amount in controversy requirement is met. The Court is not bound by a plaintiff's estimation of the amount of his damages when making this determination. *E.g., Graves v. Standard Ins. Co., No. 18-5449, 2019 U.S. App. LEXIS 27526, *8-9 (6th Cir. Sept. 11, 2019)* ("Despite Graves' statement under oath that the value of her claims was 'at least $883,000,' we conclude that the district court clearly erred in finding that the amount in controversy more likely than not was more than $75,000 at the time of removal"); *Stern v. First Liberty Ins. Corp., 424 F. Supp. 3d 1264, 1269 (S.D. Fla. Jan. 24, 2020)* ("[T]he district court is not bound by the plaintiff's representations regarding its claim and may review the record for evidence relevant to the amount in controversy") (internal quotations and citations omitted).

Defendants have not pointed to any evidence, other than Plaintiff's alleged refusal to agree to the proposed stipulation, that the amount in controversy requirement has been met. Therefore, even accepting Defendants' proposed inference that Plaintiff believes that his damages exceed $75,000, this is "a case where the defendant provided no quantifiable evidence of damages—leaving the court with nothing but speculation." *Halsey, 755 F. App'x at 528* (citing **[*8]** *Suwala v. Progressive Ins. Co., No. 2005-cv-135, 2005 U.S. Dist. LEXIS 21473, 2005 WL 2076490, *3 (E.D. Ky. Aug. 25, 2005)* (remanding the case)).

Defendants argue that "[n]either the Court in *Halsey* nor in [*Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572 (6th Cir. 2001)]* mention the necessity of additional evidence before making the inference that a plaintiff's refusal to stipulate that his damages do not exceed $75,000 be considered as evidence establishing the amount in controversy requirement." (Response, Doc. No. 8 at PageID 60.) But although these two cases did not explicitly address that point, they also did not rely solely upon such an inference to find that the amount in controversy requirement was met. Instead, the *Halsey* court relied on quantifiable evidence of plaintiff's medical costs. *755 F. App'x. at 527-28*. And the *Hayes* court relied upon plaintiffs' demand for "royalties and gross values of minerals extracted from four separate wells, two of which date back to 1941 . . . ." *266 F.3d at 573*. No similar evidence or particularized allegations are present here.

Defendants argue that the Court should rely upon Plaintiff's claim to have suffered "severe" injuries to conclude that the amount in controversy requirement is met. But given the nature of the claim—a slip-and-fall—and the ambiguous nature of the damages, a fair reading of the Complaint does not establish that it is more likely than not that that **[*9]** the amount in controversy is met. See *Ozburn v. Cracker Barrel Old Country Store, No. 3:10-cv-239,*

2010 U.S. Dist. LEXIS 163992, at *4 (S.D. Ohio Aug. 17, 2010) (Black, D.J.) ("[B]ased upon the facts of the case (a classic slip and fall with minimal medical expenses) and the settlement demand ($66,521.50), there is no evidence that damages exceed $75,000."); Hollowell v. Dematic Corp., No. 5:21-cv-00156-TBR, 2022 U.S. Dist. LEXIS 9337, 2022 WL 178593, at *3 (W.D. Ky. Jan. 19, 2022) (citation omitted) (finding that the amount in controversy requirement was not met where the plaintiff's complaint alleged "severe and permanent injuries" to her right hand but did not provide specific information on the severity of the injury or the extent of treatment received or needed); Vaughan v. Dillards, Inc., No. 3:08-CV-441-H, 2008 U.S. Dist. LEXIS 89393, at *8 (W.D. Ky. Oct. 30, 2008) ("The nature of the injuries and type of tort alleged"—a slip-and-fall injury from alleged negligence where the plaintiff claimed to suffer "painful bodily injuries"—provided "almost no indication of the potential damages Plaintiff may have incurred.").

### IV. CONCLUSION

For these reasons, the undersigned concludes that Defendants have not proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Moreover, if there is any doubt as to whether the Court has subject-matter jurisdiction—and the undersigned finds that there is ample doubt in this case—then the proper course of action is to remand the matter to state court. Brierly, 184 F.3d at 534; Total Quality Logistics, LLC, 2020 U.S. Dist. LEXIS 155757, *8.

Accordingly, **[*10]** the undersigned **RECOMMENDS** that the Court **REMAND** this matter to the Court of Common Pleas of Montgomery County, Ohio.

**IT IS SO RECOMMENDED**.

*/s/ Caroline H. Gentry*

Caroline H. Gentry

United States Magistrate Judge

---

**End of Document**