IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Total Quality Logistics, LLC, | : | |
| | : | Case No. 1:24-cv-742 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Plaintiff's Motion to |
| Thomas C. "Carter" Neal, *et al.*, | : | Remand |
| | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiff's Motion to Remand this action to the
Clermont County, Ohio Court of Common Pleas.  (Doc. 9.)  Plaintiff Total Quality Logistics,
LLC ("TQL") sued its former employee, Defendant Thomas C. "Carter" Neal, and Neal's current
employer, Defendant Devine Logistics, Inc., dba Devine Logistics, LLC, in state court for breach
of contract and misappropriation of trade secrets.  (Doc. 2.)  Defendants removed the action to
federal court, and now TQL moves to have it remanded.  For the reasons below, the Court will
**GRANT** the Motion to Remand.

I.       BACKGROUND

TQL is a third-party logistics company providing freight brokerage services.  (Doc. 2 at
PageID 74.)  It alleged in the Verified Complaint that Neal began his employment with TQL in
2011 and received extensive training and access to its confidential and proprietary information
throughout his employment.  (*Id.* at PageID 76–77.)  Neal signed an Employee Non-Compete,
Confidentiality, and Non-Solicitation Agreement ("Non-Compete Agreement") when he began
his employment.  (Doc. 2-1 at PageID 88–94.)  Among other things, the Non-Compete
Agreement prohibited Neal from owning, operating, or being employed by a TQL competitor for

a period of one year following the end of his employment from TQL.  (*Id.* at PageID 91.)  It also prohibited Neal from soliciting TQL's customers and disclosing TQL's trade secrets and other confidential information.  (*Id.* at PageID 90.)  TQL alleged that Neal resigned from TQL on September 30, 2024 and is now employed by Devine Logistics, a competitor in the third-party logistics industry.  (*Id.* at PageID 72, 74, 80–81.)

TQL filed a Verified Complaint against Defendants in the Common Pleas Court in Clermont County, Ohio on December 11, 2024.  (*Id.* at PageID 71.)  It asserted three claims for relief against each Defendant: (1) breach of contract against Neal for violation of the Non-Compete Agreement; (2) tortious interference with a contract against Devine Logistics for interfering with the Non-Compete Agreement between Neal and TQL; (3) misappropriation of trade secrets against both Defendants; (4) civil conspiracy against both Defendants.  (*Id.* at PageID 81–85.)  Defendants removed this action to this District Court on December 27, 2024 asserting that diversity jurisdiction exists.  (Doc. 1.)

The parties filed several pretrial motions, including TQL's Motion for Preliminary Injunction and Defendants' Motion to Dismiss for Lack of Jurisdiction.  (Docs. 3, 11.)  However, the parties agreed at a status conference on January 22, 2025 that the Court should resolve TQL's Motion to Remand first before adjudicating other matters.  (Doc. 9.)  Defendants filed a Memorandum in Opposition to the Motion to Remand, to which TQL filed a Reply.  (Docs. 14, 15.)

## II.    STANDARD OF LAW AND ANALYSIS

A defendant has the right to remove to a federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  The removing defendants bear the burden of establishing the right to do so by

a preponderance of the evidence. *Gipe v. Medtronic, Inc.*, 416 F. Supp. 3d 687, 691 (W.D. Ky. 2019); *see also Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) ("The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction.") Because removal raises significant federalism concerns, a federal court must strictly construe its jurisdiction and resolve all doubts in favor of remand. *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 676 (S.D. Ohio 2014); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941).

Defendants here removed this action asserting that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at PageID 1–2.) This requires Defendants to prove both that TQL and Defendants are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The parties dispute only whether the amount-in-controversy requirement is satisfied.

Generally, the amount in controversy is determined as of the time the action is commenced based on the amount claimed by a plaintiff in his or her complaint. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019); *Total Quality Logistics, LLC v. AD Maxx, Inc.*, No. 1:16-cv-00595, 2016 WL 6070356, at *2 (S.D. Ohio Oct. 17, 2016). A plaintiff usually can avoid removal by suing in state court for less than the federal jurisdictional amount-in-controversy minimum. *Calvary Indus., Inc. v. McLaren*, No. 1:21-cv-622, 2022 WL 2187239, at *3 (S.D. Ohio June 16, 2022). Certain states, however, prohibit a plaintiff from specifying the exact amount of damages sought in their complaint. Ohio Rule of Civil Procedure 8(A) provides that "[i]f the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought." An allegation in a complaint purporting to cap the alleged damages below the federal

3

jurisdictional amount is not enforceable under Ohio law—a plaintiff in Ohio can recover more damages than are alleged in their complaint. *TQL v. Summit II*, 606 F. Supp. 3d 743, 748 (S.D. Ohio 2022). This is because Ohio Rule of Civil Procedure 54(C) states that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings."

Because of these Ohio law restrictions, the Sixth Circuit allows an Ohio plaintiff to "stipulate post-removal to a claim less than the federal jurisdictional amount where a plaintiff provides specific information about the amount in controversy *for the first time*." *Total Quality Logistics, LLC v. Reed Transp. Servs., Inc.*, No. 1:19-cv-182, 2019 WL 6723837, at *2 (S.D. Ohio Dec. 11, 2019) (cleaned up) (emphasis in original). If a plaintiff does so, a court considers the stipulation to be a clarification, rather than a post-removal reduction, of the amount of recovery sought. *Heyman*, 781 F. App'x at 469–470. "Only unequivocal statements and stipulations limiting damages will serve this purpose." *Reed*, 2019 WL 6723837, at *3 (cleaned up).

In this case, TQL complied with the Ohio Rules of Civil Procedure in its Complaint by asserting for each of its four claims that it sought "injunctive relief (a preliminary injunction and a permanent injunction) prohibiting [Defendants'] unlawful conduct; compensatory damages; punitive damages; and attorney fees and costs, the collective value of which, in total, state a claim for more than $25,000." (*Id.* at PageID 82–83, 85.) Then, after Defendants removed the case to this Court, TQL filed a Jurisdictional Stipulation asserting as follows:

> [T]he relief [TQL] seeks or will accept against Defendants, Thomas C. "Carter" Neal ("Neal") and Devine Logistics, Inc., dba Devine Logistics, LLC ("Devine"), is limited to judgment in a cumulative amount less than $75,000.00, inclusive of compensatory damages, punitive damages, attorney's fees, costs, expenses, interest, and the fair value of any injunctive relief, from each Defendant individually and severally.

(Doc. 8 at PageID 125.)  If the Jurisdictional Stipulation is accepted, then the amount in controversy does not exceed $75,000, diversity jurisdiction does not exist, and remand is appropriate.

Defendants respond that TQL's Jurisdictional Stipulation is ineffective or amounts to an improper reduction of the amount of recovery sought in the Complaint.  They argue that because TQL stated that it sought "more than $25,000" for each of four claims—rather than "more than $25,000" for all four claims considered cumulatively— then TQL specifically alleged that it sought more than $75,000 overall.  However, Defendants do not cite any cases with similar complaint allegations in which a plaintiff's motion to remand was denied on this basis.

Rather, Defendants' argument has been specifically overruled in this District Court.  In *TQL v. Lankford*, No. 1:23-cv-303, 2023 U.S. Dist. LEXIS 118484 (S.D. Ohio July 10, 2023), TQL alleged that its former employee breached his non-compete agreement by going to work for a competitor.  *Id.* at *1.  TQL sued in state court both the employee and the competitor for breach of contract, misappropriation of trade secrets, and tortious interference with contract, and it alleged in three counts that it sought "in excess of $25,000."  *Id.* at *1, 8.  The defendants removed the action to this District Court.  *Id.* at *1.  TQL then filed a stipulation that it would only accept a cumulative judgment not to exceed $75,000 and moved to remand the case to state court.  *Id.* at 1, 7.  The Honorable Judge Douglas R. Cole rejected the defendants' argument that because TQL sought more than $25,000 for each count, its damages necessarily totaled more than $75,000 in the aggregate.  *Id.* at *8–9.  Judge Cole's reasoning was persuasive:

> [T]he Court does not read the Complaint as seeking three separate sums of compensatory damages.  Rather, the basic harm alleged in Counts I, III, and V appears to be the same.  That is, TQL seeks relief for one harm on three alternative legal theories.  And a plaintiff can only recover once for a given harm, no matter how many legal theories support that recovery. *See Marin v. Jones*, 41 N.E.3d 123, 143 (Ohio Ct. App. 2015).  In other words, TQL cannot aggregate the

damages across the counts, meaning the Complaint does not expressly seek relief in excess of $75,000.

(*Id.* at *9.)  He also found that the post-remand stipulation was TQL's first chance to make a binding statement of its intention to only seek and accept less than $75,000 because Ohio law does not allow "a plaintiff to evince that intent in their state-court complaint." *Id.* at *10.  Judge Cole remanded the case to state court. *Id.* at *15–16.

The Honorable Judge Jeffrey P. Hopkins reached the same conclusion in a breach of contract and fraud case in which the plaintiff sought not less than $25,000 for each of six counts in the complaint. *Wilder v. Yammine*, No. 1:21-cv-731, 2023 U.S. Dist. LEXIS 176465, at *1–2 (S.D. Ohio Sept. 30, 2023).  Judge Hopkins stated that because "because the Ohio Rules of Civil Procedure bar plaintiffs seeking more than $25,000 in damages from specifying the exact amount sought in their initial pleadings . . . [the] complaint did not specify the exact damages sought." *Id.* at *6; *s see also Smith v. Walmart Supercenter*, No. 3:23-cv-218, 2023 WL 8520314, at *2–3 (S.D. Ohio Dec. 8, 2023) (stating that four claims seeking $25,000 could not be aggregated because the Ohio Civil Rules bar a plaintiff from demanding a specific amount greater than $25,000), *report and recommendation adopted*, 2024 WL 51282 (S.D. Ohio Jan. 4, 2024).  Judge Hopkins relied on the plaintiff's post-remand stipulation clarifying that the plaintiff sought less than $75,000 in holding that remand to state court was appropriate. *Id.* at *7–8.

This Court agrees with the reasoning of Judge Cole and Judge Hopkins.  TQL has asserted three claims against each Defendant—four claims in total—and each claim seeks damages for the same harm caused by Neal's alleged breach of the Non-Compete Agreement. The request for damages against each Defendant cannot be aggregated to total more than $75,000. *See Lankford*, 2023 U.S. Dist. LEXIS 118484, at *9.  Further, TQL could not have made a binding statement in its state court Verified Complaint that it would not accept more than

$75,000.  Ohio R. Civ. P. 54(C).  It follows that TQL's Jurisdictional Stipulation was the first

opportunity that TQL had to clarify that it would not seek or accept more than $75,000 in

damages, including the value of injunctive relief, compensatory damages, attorney fees, and

costs.  The Court concludes that it lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332

because the amount-in-controversy requirement is not satisfied.  The case must be remanded.

## III.    CONCLUSION

For the reasons stated above, TQL's Motion to Remand is **GRANTED**.  The Clerk of

Court is directed to remand this case to Clermont County, Ohio Common Pleas Court.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge